

```
DANIEL MAJOR EDSTROM
2690 BROWN BEAR COURT
COOL, CA  95614
TEL:  916/207-6706 | FAX:  888/552-2503
Plaintiff and Debtor-in-Possession

TERI ANNE EDSTROM
935 LINCOLN WAY #213
AUBURN CA, 95603
TEL: 916/207-4412
Plaintiff
```

FILED
MAR 1 3 2013
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re DANIEL MAJOR EDSTROM,<br><br>Debtor-in-possession. | CASE NO. 12-29353<br>CHAPTER 11<br>DC NO. DME-1<br>A.P. NO. 12-02546-B |
| DANIEL MAJOR EDSTROM, an individual, and TERI ANNE EDSTROM, an individual,<br>Plaintiffs,<br><br>v.<br><br>NDEX WEST, LLC, a Delaware limited liability company, et al<br><br>Defendants. | **AMENDED NOTICE AND PLAINTIFFS OPPOSITION TO MOTION OF DEFENDANT NDEX WEST, LLC FOR SUMMARY JUDGMENT PURSUANT TO FED. R. BANK R. P. 7056, FED. R. CIV. P. 56(b), (d)(1);**<br><br>Hearing:<br>Date: March 19, 2013<br>Time: 9:32 a.m.<br>Ctrm.: 32<br>Hon. Thomas C. Holman<br>501 I Street, 6th Floor, Sacramento, California 95814, Tel.: (916) 930-4473 |

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

COMES NOW, DANIEL MAJOR EDSTROM AND TERI ANNE EDSTROM ("Edstrom" or "Plaintiffs") as Plaintiffs request that all parties PLEASE TAKE NOTICE that plaintiff's

Case 12-02546    Filed 03/13/13    Doc 62

respectfully object to and oppose the Motion of Defendant NDeX WEST, LLC For Summary Judgment Pursuant to Fed. R. Bank R. P. 7056, Fed. R. Civ. P. 56(b), (d)(1), which will be heard on March 19, 2013 at 9:32 a.m., or as soon thereafter as counsel may be heard in Courtroom 32 of the above-entitled court located at 501 I Street, 6th Floor, Sacramento, CA 95814. At this time Plaintiff EDSTROM will oppose defendant's motion, and seeks an order:

Denying summary judgment against plaintiffs, on the following grounds:

1. <u>The entire action</u>: Defendants summary judgment/partial summary judgment pursuant to Fed. R. Bank R. P. 7056, Fed. R. Civ. P. 56(b), (d)(1) has no merit as the note and Deed of Trust referenced by the Defendants are both void and forgeries. Additionally on the basis that: Defendant was NEVER the limited signing agent for the beneficiary, Defendant was NOT substituted by the beneficiary, Defendant is NOT acting as a trustee and has been operating ultra vires, Defendant's actions are NOT privileged, Plaintiff's are under no requirement to tender money that they do not owe, Plaintiff's owe Defendant no money and owed no money to "US Bank, National Association as Trustee", Plaintiff's do not need to join any alleged property owner(s) as there are none because (contrary to Defendants unsupported claims) THE PROPERTY HAS NEVER BEEN SOLD AT A TRUSTEE'S SALE, Plaintiffs non-existent note and Deed of Trust have never been sold to any trust and there is no trust in privity with Plaintiff, Mortgage Electronic Registration Systems, Inc. nor Mortgage Lenders Network USA, Inc. nor any combination of the two ever declared a default or substituted NDeX as a Trustee, Plaintiffs are entitled to a permanent injunction against any party from using the Notice of Default dated 12/19/2008 against Plaintiffs or their property. All of Defendants Undisputed Material Facts are disputed, denied and rejected. [see Defendant UDF Nos. 1-23];

2. <u>ISSUE NO. 1: Plaintiffs' 1st cause of action [to Quiet Title]</u>: The same issues as specified above in paragraph 1. [see Defendant UDF Nos. 1-23];

3. <u>ISSUE NO. 2</u>: Plaintiffs' 2nd Cause of action [for Temporary Restraining Order & Prelminary Injunction]: The same issues as specified above in paragraph 1. [see Defendant UDF Nos. 24-36];

4. <u>ISSUE NO. 3</u>: Plaintiffs' 3rd cause of action [for Cal. Civ. Proc. Code § 2923.6 violation]: The same issues as specified above in paragraph 1. [see Defendant UDF Nos. 47-69];

5. <u>ISSUE NO. 4</u>: Plaintiffs' 4th cause of action [for Fraud]: The same issues as specified above in paragraph 1. [see Defendant UDF Nos. 70-92];

6. <u>ISSUE NO. 5</u>: Plaintiffs' 5th cause of action [for Declaratory Relief]: The same issues as specified above in paragraph 1. [see Defendant UDF Nos. 116-138];

7. <u>ISSUE NO. 6</u>: Plaintiffs' 6th cause of action [for Intentional Misrepresentation]: The same issues as specified above in paragraph 1. [see Defendant UDF Nos. 139-161];

8. <u>ISSUE NO. 7</u>: Plaintiffs' 7th cause of action [for Rosenthal Fair Debt Collection Act]: The same issues as specified above in paragraph 1. [see Defendant UDF Nos. 162-184];

9. <u>ISSUE NO. 8</u>: Plaintiffs' 8th cause of action [for Cal. Bus. & Prof. Code § 17200 et seq. violation]: The same issues as specified above in paragraph 1. [see Defendant UDF Nos. 185-207];

10. <u>ISSUE NO. 9</u>: Plaintiffs' 9th cause of action [for Cal. Bus. & Prof. Code § 17500 et seq. violation]: The same issues as specified above in paragraph 1. [see Defendant UDF Nos. 208-230];

11. <u>ISSUE NO. 10</u>: Plaintiffs' cause of action [for Cal. Civ. Code § 1750 violation]: The same issues as specified above in paragraph 1. [see Defendant UDF Nos. 231-253];

12. <u>ISSUE NO. 11</u>: Plaintiffs' 11th cause of action [for SEC violations]: The same issues as specified above in paragraph 1. [see Defendant UDF Nos. 254-276];

13. <u>ISSUE NO. 12</u>: Plaintiffs' 12 cause of action [for RICO violation]: The same issues as specified above in paragraph 1. [see Defendant UDF Nos. 277-299];

## **TYPE OF PROCEEDING AND JURISDICTION**

This adversary proceeding is a core proceeding as defined at 28 U.S.C. §157(b)(2)(b) and (b)(2)(K). This court has jurisdiction over PLAINTIFF's case pursuant to 28 USC 1331 based on federal subject matter jurisdiction because this action concerns, inter alia, property of a bankruptcy estate and pursuant to 28 U.S.C. §1334 as this Court has exclusive jurisdiction of all cases under the bankruptcy code (i.e. Title 11), there are exceptions, but they do not apply, "... **the District Courts shall have original and exclusive jurisdiction of all cases under Title 11 [i.e. the Bankruptcy Code].**" 28 U.S.C. §1334(a) (emphasis added). "**The District Court in which a case under Title 11 is commenced or is pending shall have exclusive jurisdiction - (1) of all the property, wherever located, of the Debtor as of the commencement of such case, and of all property of the Estate . . .**" 28 U.S.C. §1334(e)(1) (emphasis added). Daniel Major Edstrom filed a Chapter 11 voluntary Petition on May 15, 2012, case # 12-29353-B-11 in the Sacramento Division of the United States Bankruptcy Court, Eastern District of California ("Edstrom Bankruptcy"). The filing of a Petition creates an estate comprised of "all legal and equitable interests of the Debtor in property as of the commencement of the case" [11 U.S.C. §541(a)(1)] which definition must be broadly interpreted because "Congress intended a broad range of property . . . to be included in the Estate." United States v. Whiting Pools, Inc., 462 U.S. 198, 204 (1983).

Plaintiff objects to NDeX West, LLC's non-conformance to bankruptcy requirements and procedures, such as not specifying whether or not the Motion for Summary Judgment they bring forth is a core or non-core proceeding pursuant to 28 USC §157(b), by what authority this court has jurisdiction of Defendants Motion, and whether or not Defendant consents to the authority of this Court (which cannot be determined because movant fails to state whether or not this is a core proceeding). Defendants have not submitted any basis for jurisdiction, especially in light of the fact that neither NDeX West, LLC nor Wells Fargo Bank, NA (the party on whom NDeX West, LLC claims to be relying) holds an allowed claim. Additionally NDeX West, LLC, after waffling on who the beneficiary is, has settled on US Bank, NA as Trustee, who not only does not exist and is not identifiable, has never filed Proof of Claim or a Motion for Relief from Stay

in the above captioned bankruptcy or Plaintiffs two previous bankruptcies. Plaintiff asserts that this is a core proceeding. When the case was removed Plaintiffs consented to the entry of final orders or judgment by the bankruptcy court (to the extent this adversary proceeding is determined to be a non-core proceeding).

Without any authority and without first seeking the appropriate stay relief, Defendants are attempting to assert control over property of the bankruptcy estate, see 11 USC §362(a). Defendants are acting willfully in contempt of court pursuant to 11 USC §105. The signature feature of bankruptcy is the automatic stay -- an automatic, universal, self-executing injunction against all actions to collect, <u>enforce</u>, commemorate, or advance claims against property of the bankruptcy estate. 11 U.S.C. § 362(a) ("Automatic Stay" or "Stay"). The Stay serves the dual purposes of safeguarding debtor peace of mind and maximizing value for unsecured creditors. Contempt of court is defined as any act which is calculated to embarrass, hinder, or obstruct a court in the administration of justice, or which is calculated to lessen the authority or dignity of a court. Black's Law Dictionary 288 (5th ed. 1979). Defense counsel's standard and practice of using of irrelevant inflammatory rhetoric flies in the face of Defense counsels "ethical obligation to practice before this Court with the level of "decorum required for the fair and efficient administration of justice.""

The foundational facts are this. NDeX West, LLC lacks both prudential and article III Standing in order to bring this motion, see <u>In re Jackson</u>, ___ B.R. ___, 2011 WL 2247816 (Bankr. E.D. Cal. June 6, 2011)(Holman, J.). NDeX West, LLC did not receive the foreclosure referral from the beneficiary or the beneficiary's appointed agent as readily admitted by NDeX West, LLC. NDeX West, LLC has not been harmed by the Plaintiff's nor do the Plaintiff's owe any money, debt, lien or duty to US Bank, NA as Trustee. US Bank, NA as Trustee does not exist and is not identifiable pursuant to California Civil Code § 1558 and <u>in RE Ruth M. Deamicis</u>, Document 121, Case #11-11495 Bankr. E.D. Cal. Fresno Division July 26, 2011 (FOR PUBLICATION). Because both of the standing inquiries fail, this motion must be denied. In point of fact NDeX West, LLC can never acquire standing so this motion must be dismissed with

prejudice. Because standing requirements have not been met, the court has no Subject Matter Jurisdiction over this motion. Further, NDeX West, LLC lacks joinder with any real party in interest who can meet both inquiries required in order to achieve standing. Because no creditor filed a Proof of Claim by the Proof of Claim bar date (September 19, 2012), it is not possible for NDeX West, LLC to achieve standing or joinder

Standing and joinder possibilities for NDeX West, LLC are further confounded by the fact that Debtor-in-possession Daniel Major Edstrom holds a judicial lien of high priority that cannot be defeated by a non-perfected lien position, see 11 USC § 544(a)(1). Further, Plaintiff Daniel Major Edstrom is a bona fide purchaser for value holding a perfected lien, again see 11 USC § 544(a)(3). Defendants position is uncertain and violates the Doctrine of Inconsistent Positions.

Alignment of the parties in this case is incorrect because it is Defendant's who are seeking affirmative relief, as is plainly obvious from both the legal arguments they have proffered as well as the non-legal and continuous irrelevant inflammatory rhetoric. Defendants have never had standing, jurisdiction or joinder in order to seek affirmative relief, nor have Defendant's acquired standing, jurisdiction or joinder, nor can Defendant's acquire standing, jurisdiction or joinder.

NDeX West, LLC has not filed a Proof of Claim in Daniel Major Edstrom's Chapter 11 bankruptcy (as captioned above) because they have no claim. US Bank, NA as Trustee has filed no Proof of Claim in Daniel Major Edstrom's Chapter 11 bankruptcy (as captioned above) because they have no claim. US Bank, NA as Trustee by Residential Funding Company, LLC fka Residential Funding Corporation Attorney in Fact filed a Proof of Claim against Plaintiffs in a prior bankruptcy[1], as well as a Motion for Relief from Stay in another prior bankruptcy[2]. In both cases this was done willfully and with knowledge that the alleged claimant/secured creditor/movant was known as BOTH US Bank, National Association as Trustee by Residential

---

[1] United States Bankruptcy Court, Eastern District of CA, Sacramento Division Chapter 13 Case # 09-26891, Claim No. 1-1 filed on April 30, 2009
[2] United States Bankruptcy Court, Eastern District of CA, Sacramento Division Chapter 7 Case # 09-36647, Motion for Relief from Stay filed on or about 9/25/2009

Funding Company, LLC fka Residential Funding Corporation Attorney in Fact and US Bank, NA as Trustee. See Discovery: Production of Documents: Bates stamped page 1209.

After initially absurdly representing that US Bank, NA as Trustee by Residential Funding Company, LLC fka Residential Funding Corporation Attorney in Fact was the beneficiary and secured creditor, and receiving extreme resistance from Plaintiff's by way of numerous dispute letters giving countless objections, did Defendants and their agents, principals and predecessors capitulate and change their position again see Discovery: Production of Documents: Bates stamped page 1209. Unfortunately, this change was not correct as proven by the bizarre attempt of Counsel (who conflictedly represents both NDeX West, LLC and the alleged secured creditor US Bank, NA as Trustee for RASC 2005-EMX4) to seek summary judgment for US Bank, NA as Trustee while at the exact same time filing a diametrically opposed Proof of Claim in the name of US Bank, NA as Trustee for RASC 2005-EMX4. Note also that the 2nd assignment was done with no rescission or cancellation of the first assignment, not to mention in violation of many California Civil Codes (see, inter alia, Plaintiff's Objection to Declaration of Ric Juarez Page 3, ¶ 9). None of the triable issues of fact in this case are anywhere near resolution and no amount of irrelevant inflammatory rhetoric thrown about by Defendants counsel will cover the gaping holes in their motion.

Also note that no factual evidence of a default is found ANYWHERE in evidence except for the Defendants Request for Judicial Notice of the Notice of Default, which is the very document NDeX West, LLC produced on their own and presented without any factual support of ANY recital contained within the document, except by hearsay, of which Defendant has provided not asked for, nor provided any basis (with the possible exception of irrelevant, inflammatory rhetoric). In this case, Defendants hope is that if they keep saying the word DEFAULT, the Court will magically accept it as true, thus covering over a multitude of wrongs. The entire basis for Plaintiffs action is the Notice of Default.

This Opposition is based upon this Notice and Motion, the Memorandum of Points and Authorities, Plaintiffs Evidentiary Objections to Defendants Declaration & Request for Judicial

-7-
AMENDED NOTICE AND PLAINTIFFS OPPOSITION TO MOTION OF DEFENDANT NDEX WEST, LLC FOR
SUMMARY JUDGMENT PURSUANT TO FED. R. BANK R. P. 7056, FED. R. CIV. P. 56(b), (d)(1)

Notice in Support of Defendants Motion for Summary Judgment, Plaintiffs Opposition and Objection to Defendant NDEX West, LLC's Request for Judicial Notice in Support of Its Motin for Summary Judgment, Plaintiffs Response to Defendants Separate Statement of Undisputed Material Facts in Support of Defendants Motion for Summary Judgment, Plaintiffs Separate Statement of Undisputed Facts in Support of Its Opposition to Defendants Motion for Summary Judgment, Plaintiffs Request for Judicial Notice in Support of its Opposition to Defendants Motion for Summary Judgment, the Declaration of Daniel Major Edstrom in Support, all concurrently filed, lodged and served herewith and upon all documents, the records and files in this action, and such oral and documentary evidence as may be presented at the time of the hearing.

Dated: March 13, 2013

                                                    Respectfully submitted,

                                                    /s/ Daniel Edstrom
                                                    DANIEL EDSTROM,
                                                    Plaintiff and Debtor-in-possession

                                                    /s/ Teri Edstrom
                                                    TERI EDSTROM,
                                                    Plaintiff