

FILED

MAR 1 3 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

1  DANIEL MAJOR EDSTROM
2  2690 BROWN BEAR COURT
   COOL, CA 95614
3  TEL: 916/207-6706 | FAX: 888/552-2503
   Plaintiff and Debtor-in-Possession
4

5  TERI ANNE EDSTROM
   935 LINCOLN WAY #213
6  AUBURN CA, 95603
   TEL: 916/207-4412
7  Plaintiff

8              **UNITED STATES BANKRUPTCY COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10                   **SACRAMENTO DIVISION**

11

12 | In re DANIEL MAJOR EDSTROM,            ) CASE NO. 12-29353
                                           ) CHAPTER 11
13 |    Debtor-in-possession.              ) DC NO. DME-1
                                           ) A.P. NO. 12-02546-B
14 | _____)

15 | DANIEL MAJOR EDSTROM, an individual,   **AMENDED MEMORANDUM OF**
      and TERI ANNE EDSTROM, an individual, **POINTS & AUTHORITIES IN**
16 |           Plaintiffs,                   **SUPPORT OF PLAINTIFFS**
                                            **OPPOSITION TO MOTION OF**
17 | v.                                      **DEFENDANT NDEX WEST, LLC FOR**
                                            **SUMMARY JUDGMENT**
18 | NDEX WEST, LLC, a Delaware limited
     liability company, et al               Hearing:
19 |                                         Date: March 19, 2013
                                            Time: 9:32 a.m.
20 |           Defendants.                   Ctrm.: 32
                                            Hon. Thomas C. Holman
21 |                                         501 I Street, 6th Floor, Sacramento,
                                            California 95814, Tel.: (916) 930-4473
22 |
23 | _____)

24

25

26

27

28

## AMENDED MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION.

Plaintiff's Daniel Major Edstrom and Teri Anne Edstrom ("Plaintiff" or "Edstrom") objects to and opposes Defendant NDeX West, LLC's ("Defendant" or "NDeX") motion for summary judgment / partial summary judgment on the grounds that the entire Motion for Summary Judgment ("Motion" or "MSJ"), including each issue raised, and every alleged undisputed statement of material fact has no merit, was brought prematurely, was brought with unclean hands and blatantly seeks to reward reckless behavior with unjust enrichment. The entire non-judicial foreclosure action against the Plaintiffs is a bold attempt to use any and all means necessary, including false documents filed with the El Dorado County recorder's office and unscrupulously submitted before this honorable Court as legally valid and sufficient documents. To the contrary Defendant NDeX cannot even describe to this court who the assignee is for either of the two assignments used to prosecute a non-judicial foreclosure.

### II.    SUMMARY OF UNDISPUTED MATERIAL FACTS PROFFERED BY NDeX

A.    NDeX Involvement In the Original Loan Transaction.

1.    There are no undisputed facts that show that NDeX acted only as a limited signing agent for filing the Notice of Default & as the foreclosure trustee. To the contrary NDeX was never substituted in by any valid lender or creditor to which Plaintiffs owed any obligation. Defendant's Declaration provided by Ric Juarez shows that NDeX has never entered into any contract with the Plaintiff's. How Defendants can claim the power to execute a non-judicial foreclosure while at the same time claiming there is no privity of contract between Plaintiffs and NDeX astounds the Plaintiffs. By what authority does NDeX claim to have the power to sell the Plaintiffs' property since NDeX is not a party to the very contract on which NDeX is claiming the right? "A real property loan generally involves two documents, a promissory note and a security instrument. The security instrument secures the promissory note. This instrument 'entitles the lender to reach some asset of the debtor if the note is not paid. In California, the

1    security instrument is most commonly a deed of trust (with the debtor and creditor known as the

2    trustor and beneficiary and a neutral third party known as trustee).... [T]he creditor is said to have

3    a lien on the property given as security, which is also referred to as collateral.' [Citation.]"

4    (Alliance Mortgage Co. v. Rothwell (1995) 10 Cal.4th 1226, 1235; see also Nguyen v. Calhoun

5    (2003) 105 Cal.App.4th 428, 438.).  Also consider California Civil Code 1066 which states

6    "Grants are to be interpreted in like manner with contracts in general, except so far as is

7    otherwise provided in this Article."  Plaintiffs do not know who NDeX is or why they have

8    engaged Plaintiffs in an attempt to foreclose.  Until such time as NDeX proves their authority to

9    take actions, and on whose behalf they are taking orders, NDeX cannot be released from

10   Plaintiffs alleged loan transaction.  NDeX states repeatedly that they never entered into any

11   contract with Plaintiffs.  Plaintiffs have all along claimed that NDeX, has never been substituted

12   in to Plaintiffs Deed of Trust, is not in privity with Plaintiffs and has no interest in the Deed of

13   Trust under which it also wrongfully claims power of sale. Plaintiffs say it again: the condition

14   precedent to standing is clean hands.  The MSJ brought by NDeX readily admits that NDeX has

15   unclean hands.  Plaintiff has been injured by NDeX's actions in undertaking the filing of an

16   invalid and deficient Notice of Default and all subsequent actions when they had no justifiable

17   reason for undertaking these actions.  The title to Plaintiffs' property has been slandered and

18   rendered unmarketable by the filing of numerous documents all of which contain false

19   statements.

20        B.  The Alleged Facts

21        2.    Defendants state that Plaintiffs stated "On September 7, 2005, they borrowed

22   $500,000.00 secured through a Deed of Trust recorded against the Property." Id. ¶ 18. Plaintiffs

23   believed that this was the transaction they entered into but in fact this transaction never

24   happened.  The Note and Deed of Trust reference a transaction that did not occur.  The proof of

25   this is evident in the very nature in which Defendants, their agents, principals and predecessors

26   have acted throughout their unlawful attempts at a non-judicial foreclosure.  Had an actual note

27   and Deed of Trust been entered into, the parties foreclosing would not have had to fabricate

28

1   every document used in the attempted foreclosure. The parties foreclosing would not have made

2   up incredibly bogus and non-existent entities such as: (i) "US Bank NA as Trustee" who

3   apparently is the trustee for "Residential Funding Company, LLC fka Residential Funding

4   Corporation" and at the same time is somehow related to an unknown and never identified

5   "Attorney in Fact"; (ii) "US Bank, NA as Trustee" which is an attempt to remove "Residential

6   Funding Company, LLC fka Residential Funding Corporation" and the "Attorney in Fact" added

7   to the end of the first assignment for good measure; and finally (iii) "US Bank, NA as Trustee for

8   RASC Series 2005- EMX4" as now proferred by Barrett, Daffin, Frappier, Treder & Weiss on

9   7/31/2012 in Plaintiff Daniel Major Edstrom's Chapter 11 Bankruptcy in the United States

10  Bankruptcy Court for the Eastern District of California (Sacramento Division) Case # 12-29353-

11  B-11 (filed 5/15/2012). Each attack on Plaintiff's contentions is based on the request for judicial

12  notice of documents that are ALL in controversy and to which the accuracy of the recitals

13  contained within the documents is in dispute AND the declaration of Ric Juarez which contains

14  mostly hearsay and self contradicting statements. Neither of these can or should be allowed to

15  support this entirely speculative attempt at a motion for summary judgment/partial summary

16  judgment.

17      3.      Defendants MSJ at Pg. 9, Sec. II A states as an undisputed fact that NDeX acted

18  as a limited signing agent for the beneficiary on the NOD and as foreclosure trustee. NDeX

19  further alleges that no duty or causation rests with them as such an agent. This is the entirety of

20  their allegations for the MSJ. Then why are they asserting facts as to payment to the beneficiary

21  having been made? NDeX lacks the binding authority to make such allegations as a neutral party

22  with no such authority. Defendant's *duty* arises as such an agent when filing the NOD and any

23  subsequent instrument which relies upon the NOD.

24      4.      Defendants MSJ at Pg. 10, ln. 1 alleges that Plaintiff defaulted on their loan, yet,

25  no evidence has been presented that would allow Defendant to make such a statement.

26  Furthermore, Defendants show no evidence that they are the beneficiary as a result of Plaintiffs'

27  alleged "default". There is no assignment from the Original Lender to NDex. As such, this

28

claim is without merit and a mere attempt to steer the court in a divergent path from the truth. The fact that Defendants *recorded* a NOD does not somehow breathe truth into an instrument, rather, sworn testimony as to the factual allegations contained within the NOD must be brought in order for the court to make such a determination as to the instrument's legal sufficiency. Cal. Gov't Code § 27201; West's Ann. Cal. Evid. Code § 1280:

> "Evidence of a writing made as a record of an act, condition, or event is not made inadmissible by the hearsay rule when offered in any civil or criminal proceeding to prove the act, condition, or event if all of the following applies: (a) The writing was made by and within the scope of duty of a public employee. (b) The writing was made at or near the time of the act, condition, or event. (c) The sources of information and method and time of preparation were such as to indicate its trustworthiness."

(Stats.1965, c. 299, § 2, operative Jan. 1, 1967. Amended by Stats.1996, c. 642 (A.B.1387), § 4.). Defendant has offered not one shred of evidence that would support the finding that Defendant disclosed the source, time or method of preparation of the "Declaration of default" as declared by the beneficiary. In fact, the beneficiary's name is absent from the Notice of default and the court is left with bald assertions made by Defendant to determine the truth of the factual recitations contained within the instrument. Plaintiff has alleged that no such default existed at the time of issuance, execution and filing of the instrument at the county. Plaintiff has exercised his contractual right to assert the non-existence of a default (Plaintiff's deed of trust, sec. 22). Plaintiff has evidentiary proof of the non-existence of the default described and defined in the false Notice of default.

5.    To qualify as business or official record, document must be created by **employee** of business (emph. mine) or public entity, at or near time of act, condition or offense referred to in document, and sources of information and time of preparation must indicate its trustworthiness. *People v. Campos* (App. 2 Dist. 1995) 38 Cal.Rptr.2d 113, 32 Cal.App.4th 304, rehearing denied. Defendant makes no such allegation as to the Notice being a business record of NDeX, nor can they make such an allegation since a beneficiary Trust is the alleged principal for whom NDeX purports to act. Defendant also fails completely in asserting any supporting evidence suggesting that NDeX was involved in the preparation of the Declaration of default

1  itself, as opposed to the Notice instrument. Rather, they aver that they were merely "innocent

2  agents" of the beneficiary and are somehow acting under a false privilege invoked by the statute

3  at Cal. Civil Code § 2924. This is patently false. Such a privilege is determined by the intent and

4  condition of truthfulness of the Notice of default as fully described in California law and

5  exhaustively explained herein. (StorMedia, *supra*, 20 Cal.4th at p. 457, fn. 9). California Civil

6  Code §2924 provides statutory duties for the Defendant. These duties are considered as

7  "privileged" under CC §47. But, CC §2924 does not indicate whether a notice or other protected

8  act should be considered absolutely privileged under CC §47(b) as a "judicial proceeding", an

9  "official proceeding authorized by law", or a "communication without malice" under CC §47(c).

10 Because there is an un-refuted, facially evident, slander of Plaintiffs' title, *Kachlon v. Markowitz*

11 (2008) 168 CA4th 316, 85 CR3d 532 applies here (applying *qualified* privilege for slander of

12 title against foreclosing trustee). Thus, the notice is not privileged and is an unprivileged

13 communication with malice. Defendant was granted an opportunity to support and prove its

14 instruments but, again, elected to deny such opportunity. Defendant has waived any such claim

15 to "absolute privilege" and Plaintiff alleges that the instrument is an unqualified, non-privileged

16 communication executed with malice aforethought in an attempt to dispossess Plaintiff of his

17 property.

18        6.      A true accounting of the still undetermined trusts' contribution and distribution is

19 required under Federal and state laws. *Gilberts' Law Summary Trusts*, §§ 852-854, 859-860.

20 This form of accounting is the only verifiable form of the trusts' actual receipt of funds and

21 distribution of funds. The alleged loan servicer as agent in this case has never provided a true and

22 accurate representation as to the actual trust accounting as required. No legally sufficient proof

23 of default, as "Declared by the beneficiary", exists anywhere in the courts' records. No claim of

24 subordinated interest has been made by any party to this action or the Debtors' bankruptcy. The

25 Notice of Default is, by operation of law, void.    Plaintiffs' note, as a contract, states:

26 "OBLIGATIONS OF PERSONS UNDER THIS NOTE. Any person who is a guarantor, surety

27 or endorser of this note is also obligated to do these things. Any person who takes over these

28

1 | obligations....is also obligated to keep all of the promises made in this note." Cal. Comm. Code
2 | § 3602 states: "(a) Subject to subdivision (b), an instrument is paid to the extent payment is made
3 | (1) by or on behalf of a party obliged to pay the instrument, and (2) to a person entitled to
4 | enforce the instrument. To the extent of the payment, the obligation of the party obliged to pay
5 | the instrument is discharged even though payment is made with knowledge of a claim to the
6 | instrument under Section 3306 by another person." The Master Servicer and its sub-servicers
7 | have "taken over" the obligation by their own conduct by making all payments required under
8 | the terms of the note and deed. The beneficiary never experienced a default and did not execute a
9 | Declaration of Default against Plaintiff. See: Cal. Civ. Code §2924(a)(1)(D) and 2924(e),
10 | requiring that the Notice set forth only "the nature and breach **actually known to the**
11 | **beneficiary**" (Emph. mine) and **rebuttably presumes** that the beneficiary was aware of, or
12 | experienced, such a default. Defendant has elected to waive their duties by failure to bring any
13 | evidence whatsoever that supports the unknown **trusts'** position that, in fact, the beneficiary trust
14 | made such a declaration. Defendant has caused a false statement (Cal. Penal Code §115.5) to be
15 | included, and recorded, as a recital in the notice of default and did so knowingly and with intent
16 | to dispossess Plaintiff of their property. Upon such time as an evidentiary hearing is calendared
17 | by this Court, Plaintiff shall provide the necessary documents that show, unequivocally, that the
18 | trust was paid in full for every payment due under the contract and, in fact, there was never a
19 | default as declared by the trust. An agent is prohibited from doing that which its principal is
20 | prohibited from doing. Cal. Civ. Code §§ 2300-2319 et. Seq., the Agency statutes.

21 |       7.      Plaintiff's obligation, as it is written and memorialized in the note and deed of
22 | trust, is not in default.  No actual default on the obligation secured by the deed of trust exists.
23 | Defendant lacked standing to execute, draft and record the Notice of Default and all
24 | subsequently filed instruments against Plaintiff's rights. Defendant has violated Plaintiff's rights
25 | under both statute and contract as evidenced herein and in the Complaint.  Defendant's theme
26 | throughout the MSJ is to constantly say that Plaintiff is in default, until this unproven statement
27 | somehow magically floats over to the list of undisputed facts accepted by the Court.

28 |

8.      While recorded instruments are presumed valid, the mere act of recordation does not authenticate its validity, rather, evidence to support such instrument is required. See: Cal. Evid. Code § 1271, requiring a Declaration establishing the sources of information and the manner and time of preparation were such as to indicate trustworthiness; Code of Civ. Procedure § 437c, subd. (d) where a supporting Declaration must be made on personal knowledge and "show affirmatively that the affiant is competent to testify to the matters stated therein". The courts' record is bereft of any supporting affidavit that complies with these requisite standards. The instrument(s) are also required to be acknowledged. Cal. Gov't Code §§ 27201, 27282, 27285, 27286, 27287, 27288, 27289. Also see: *Tomczak v. Ortega* 50 Cal. Rptr. 20, 240 Cal. App. 2d 902, "no substantial evidence to support such recital" was found and the notice of default and subsequent trustee's deed upon sale were determined as void and of no legal effect for lack of evidence." See: *Wolfe v. Lipsy* (App. 2 Dist. 1985) 209 Cal.Rptr. 801, 163 Cal.App.3d 633. Quieting Title 34(5); *Angell v. Superior Court* (Verdugo Trustee Service Corp.) (1999) 73 Cal. App. 4th 691 [86 Cal Rptr. 2d 657]; *City of Los Angeles v. Morgan*, 105 Cal. App. 2d 726 (1951) the court stated: "the purpose of the recording statutes is to provide notice…whether valid or invalid…if invalid instruments are recorded, no notice is given." Plaintiff was entitled to valid notice under statute and was denied such valid notice by Defendant.  Again, the Court can take judicial notice that the documents were recorded, but recitals contained within the documents are disputed. In this case, NDeX is standing fast to the recorded documents and attempting to get the Court to agree that because they were recorded, they have to be legally sufficient.  This argument is self-serving because in fact NDeX is the party who submitted the Notice of Default, the Substitution of Trustee, both mutually exclusive Assignments and numerous Notices of Trustee Sale for recordation.  Despite the fact that Plaintiffs repeatedly sent disputes and objections to NDeX, NDeX had <u>actual</u> knowledge of the competing claims and pushed forward knowingly, willingly and with a reckless disregard for the consequences.

9.      Defendant has knowingly recorded spurious documents, which have been offered for record with intent to defraud.  California law prohibits this very action.  See, *Generes v.*

1 | *Justice Court* (1980) 106 Cal.App. 3d 678; *People v. Baender* (1924) 68 Cal.App. 49.    "Every

2 | person who files a false or forged document or instrument with the County Recorder that affects

3 | title to, or places an encumbrance on, or places an interest secured by a mortgage or deed of trust

4 | on, real property….with knowledge that the document is false or forged is punishable by statute

5 | Cal.Pen.Code 115.5(a).    Defendant is guilty of violation of these statutes and authority by

6 | recording false documents claiming that their principal was entitled to foreclose the beneficial

7 | interest in the Plaintiff's note and Deed of Trust, when they knew they did not have these rights

8 | and interests and that there were in fact multiple principals being proferred.

9 |      10.    Under Cal. Penal Code 115.5(b), the word "knowingly" in the statue does not

10 | impart intent, but merely refers to knowledge of the essential facts.    In the case of a deed, the

11 | fraud is complete when the deed has been prepared so that upon its face it will have the effect of

12 | defrauding one who acts upon it as genuine. If Defendant's un-supported Notice of Default were

13 | allowed as "truthful and accurate" without one piece of evidence from the beneficiary affirming

14 | the existence of a default, a trustee's deed upon sale would be the result of the non-judicial

15 | foreclosure against Plaintiff. See: *Dimock v. Emerald Properties LLC*, 81 Cal. App. 4th 868.

16 | "Because Dimock was not required to rely upon equity in attacking the deed, he was not required

17 | to meet any of the burdens imposed when, as a matter of equity, a party wishes to set aside a

18 | voidable deed. (See *Little v. CFS Service Corp., supra*, 188 Cal.App.3d at p. 1359.) In particular,

19 | contrary to the defendants' argument, he was not required to tender any of the amounts due under

20 | the note". The Court agreed with this assessment by issuing a restraining order without a bond or

21 | undertaking.    Defendant here <u>assumes</u> that the Plaintiff's property has already been sold. It has

22 | not been sold. Tender is moot. The Notice of Default is the lynch-pin of Defendant's position

23 | and the notice is fatally defective and can never be used as positive evidence in any action in

24 | court for lack of factual evidence supporting the recitals contained within the instrument.

25 | Plaintiff is entitled to a permanent injunction against the Notice of Default.    Contrary to

26 | Defendants irrelevant and inflammatory rhetoric of "free house", all this means is that a new

27 |

28 |

1    Notice of Default has to be issued that complies with the law, by a party that is actually a trustee

2    of the Deed of Trust.

3        11.    Nowhere in Defendant's discovery was an actual declaration of default, as

4    declared by the beneficiary, evidenced. Defendant has stated to this court that it relied upon

5    statements made by the principal as beneficiary. Defendant has failed in its duty to strictly adhere

6    to the California Civil Code provisions at §2924. Furthermore, discovery is not completed. As a

7    result of discovery received, Plaintiff's will need additional time to cause Defendants to produce

8    documents to support responses given to Plaintiffs.

9        12.    The Doctrine of judicial estoppel applies in the instant matter. *International*

10   *Engine Parts, Inc. v. Feddersen & Co.* (1998) 64 Cal. App. 4th 345 [75 Cal. Rptr. 2d 178] states:

11   "The doctrine is intended to protect the orderly administration of justice and the integrity of [64

12   Cal. App. 4th 354] all judicial proceedings". (*Prilliman v. United Air Lines, Inc.* (1997) 53 Cal.

13   App. 4th 935, 937 [62 Cal.Rptr.2d 142]; *Rissetto v. Plumbers and Steamfitters Local* 343 (9th

14   Cir. 1996) 94 F.3d 597, 601.) While it is equitable in nature, it seeks to protect the soundness of

15   proceedings in a wide range of cases beyond just bankruptcy. (Law Offices of Ian *Herzog v. Law*

16   *Offices of Joseph M. Fredrics* (1998) 61 Cal. App. 4th 672, 678-679 [71 Cal.Rptr.2d 771]

17   [arbitration matters*]; Jackson v. County of Los Angeles, supra*, 60 Cal. App. 4th 171, [workers'

18   compensation claim]; *In re Marriage of Dekker* (1993) 17 Cal. App. 4th 842 [21 Cal.Rptr.2d

19   642] [dissolution of marriage*]; Alexander v. Hammarberg* (1951) 103 Cal. App. 2d 872 [230

20   P.2d 399] [tort action]; *Russell v. Rolfs, supra*, 893 F.2d 1033 [habeas corpus petition].)

21       13.    Where there is a clear lack of compliance with statutory obligations or duties, the

22   party taking a given position in a "quasi-judicial or administrative" proceeding (invoking the

23   non-judicial process of foreclosure under California's Civil Code §2924) who violates those

24   statutory obligations has no private right of enforcement *ab initio*. This is a textbook judicial

25   estoppel. In the instant matter, Defendant has evidenced several material violations of statutory

26   duties and obligations which are adverse to Plaintiff's rights, thus, they were judicially estopped

27   at the inception of this case, and all other cases at law or in equity, from asserting a private right

28

1  of action against Plaintiff. Judicial estoppel serves the integrity of the judicial process, not the

2  equities and rights of the parties. Defendant is not entitled to summary judgment/partial summary

3  judgment based on this legal premise and as fully demonstrated in this Memorandum. See *Int'l*

4  *Engine, id.*

5        14.     Federal tax law does not rely upon the state-law definition of ownership, but it

6  looks to state law to determine parties' rights, obligations, and interests in property. See, e.g.,

7  *Burnet v. Harmel*, 287 U.S. 103, 110 (1932). Defendant here is an alleged agent of a REMIC

8  Trust. The tax definition of ownership, and thus standing, applies to mortgage notes claimed as

9  assets of the subject REMIC trust. See *Bradley T. Borden & David J. Reiss, Beneficial*

10  *Ownership and the REMIC Classification Rules*, 28 TAX MGMT. REAL EST. J. 274 (Nov. 7,

11  2012). Tax law can also disregard the transfer (or lack of transfer) of formal title where the

12  transferor retains many of the benefits and burdens of ownership. See *Bailey v. Comm'r*, 912 F2d

13  44, 47 (2d Cir. 1990). Courts focus on whether the benefits and burdens of ownership pass from

14  one party to another when considering who is the owner of property for tax purposes. *Grodt &*

15  *McKay Realty, Inc. v. Comm'r*, 77 T.C. 1221, 1237 (1981). The analysis of ownership does not

16  merely look to the agreements the parties entered into because the label parties give to a

17  transaction does not determine its character. See *Helvering v. Lazarus & Co.* 308 U.S. 252, 255

18  (1939). The analysis must examine the underlying economics and the attendant facts and

19  circumstances to determine who owns the mortgage notes for tax purposes. See id. The court in

20  *In re Kemp* documents in painful detail how Countrywide failed to transfer possession of a note

21  to the pool backing a Mortgage Backed Security (MBS) so that Countrywide failed to comply

22  with the requirements necessary for the mortgage to comply with the REMIC rules. See *In re*

23  *Kemp, 440 F.R. 624 (Bkrtcy D.N.J. 2010).* Defendant in this case has done exactly what was

24  adjudicated in *Kemp*, failure to sufficiently show a timely transfer that complied with the strict

25  language of the trusts' Agreements and thus, the I.R.C. (Internal Revenue Code) § 860 et. seq.

26        15.    *Kemp* addressed the issue of enforceability of a note under the UCC for

27  bankruptcy purposes. See *In re Kemp*, 440 B.R. 624 (Bkrtcy D.N.J. 2010), *supra*. The court in

28

that case held that a note was unenforceable against the maker of the note and the maker's property under New Jersey law on two grounds. The court held that because the beneficial owner of the note, the Bank of New York (the trustee of a pool of mortgages that backed an MBS that included the mortgage at issue in the case), did not have verifiable, timely possession and because the note lacked proper endorsement upon sale, the note was unenforceable. Recognizing that the mortgage note came within the UCC definition of negotiable instrument, the court then considered who is entitled to enforce a negotiable instrument but held that no such person was a party in *Kemp*. As the *Kemp* court notes, "[f]rom the maker's standpoint, it becomes essential to establish that the person who demands payment of a negotiable note, or to whom payment is made, is the duly qualified holder. Otherwise, the obligor is exposed to the risk of double payment, or at least to the expense of litigation incurred to prevent duplicative satisfaction of the instrument. These risks provide makers (Plaintiff in this case) with a **recognizable interest** in demanding proof of the chain of title" (specifically referring to the trust participants). 440 B.R. at 631 (quoting *Adams v. Madison Realty & Dev., Inc.*, 853 F.2d 163, 168 (3d Cir. N.J. 1988). And "because the originator did not comply with the legal niceties, the beneficial owner of the debt, the trustee, cannot file its proof of claim either".

16.    A "debt" is a liability on a claim. 11 U.S.C. § 101(12). The Plaintiffs, Edstrom, do not admit that they owe a debt, based on the Note, to Defendants, and, after extensive proceedings, it is irrefutable that Defendant has never proved up its principal or any entitlement to payment to a specific principal. Merely producing an un-authenticated copy of a note with a claim of its original character does not grant Defendant's principal, whoever that may be, with automatic rights of a holder-in-due-course. See id. A false and misleading system of statutory abuse was employed by Defendant in attempting to dispossess Plaintiff of his property and Defendant has committed various unlawful acts against Plaintiff, the state of California and the Public.

17.    A "creditor" is "an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor," 11 U.S.C. § 101(10)(A), and a "claim" is

1    a "right to payment, whether or not such right is reduced to judgment." 11 U.S.C. § 101(5)(A).

2    The Supreme Court has explained that the definition of "claim" is to be construed broadly, and

3    that a "right to payment" means "nothing more, nor less, than an enforceable obligation."

4    *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 559 (1990). "Absent an

5    overriding federal interest, the existence of a claim in bankruptcy is generally determined by

6    state law." *Cross*, 218 B.R. at 78 (analyzing whether plaintiff had standing to bring §

7    523(a)(2)(A) action against chapter 7 debtor). State law applies in this instance because the

8    underlying transaction is purely commercial in nature and there is no apparent federal interest,

9    overriding or otherwise. Therefore, it is, and has been, Defendant's burden to prove: 1) an

10   enforceable obligation and that its ownership rights were derived from a timely transfer, 2) a

11   timely, statutorily competent, endorsement [IRC 860 et. Seq.] 3) timely acceptance of the asset

12   into the REMIC trust, 4) a valid trustee sale as proscribed under California Government Code

13   §27201, the Recording Statute, and the Cal. Civil Code §2924 et. Seq., the non-judicial

14   foreclosure statute, which Defendant invoked by the issuance of the Notice of Default against

15   Plaintiff's property interests.

16        18.    Article III of the Uniform Commercial Code is used to determine questions of

17   title (as opposed to ownership) to negotiable instruments. Under the U.C.C., a negotiable

18   instrument is: "(a) [. . .] an unconditional promise or order to pay a fixed amount of money, with

19   or without interest or other charges described in the promise or order, if it: (1) is payable to

20   bearer or to order at the time it is issued or first comes into possession of a holder". Cal. Comm.

21   Code § 3104. Here, the instrument is a promissory note allegedly signed by Debtor in favor of

22   Mortgage Lender's Network USA, Inc., as lender. It is, therefore, a negotiable instrument and

23   any transfer of beneficial interest is subject to the requirements proscribed in Art. III. See: Cal.

24   Comm. Code §3104.

25        19.    Article III provides that where a negotiable instrument is payable to an identified

26   person, transfer of ownership of the instrument requires endorsement by the holder, and transfer

27   of possession of the instrument. Cal. Comm. Code § 3201. Article III also provides that an

28

1    instrument is "transferred" when it is delivered by the holder for the purpose of giving the

2    recipient the right to enforce the instrument. Cal. Comm. Code § 3203(a). Proper transfer of the

3    instrument vests in the recipient any right of the transferor to enforce the instrument, Cal. Comm.

4    Code § 3203(b), and a transferor cannot transfer greater enforcement rights than it holds. See id.

5    Defendant has attempted to assert the "because we said so" defense of its claim without offering

6    *positive* evidence to support its *presumptive* position. Once again, a judicial estoppel applies

7    against Defendant in asserting any private right of action against Plaintiff. Omission of evidence

8    supporting the timely endorsement, transfer, acceptance and consideration paid is sufficient to

9    apply the estoppel. Defendant had an opportunity to produce such evidence in discovery and

10   elected to waive its opportunity.

11       20.    Because the note in question here is made payable to a party other than

12   Defendant, Defendant bears the burden of proving: A) the existence of a valid contract and; B)

13   that it has the right to enforce the instrument, including a valid chain of endorsements, including

14   endorsements to trust participants (Depositor) See id. Defendant would also bear the burden of

15   the attendant liabilities that Defendant would have through a showing of a valid chain of custody

16   and ownership had such authentication occurred, however, it did not.

17       21.    Cal. Comm. Code § 3302: "(a) Subject to subdivision (c) and subdivision (d) of

18   Section 3106, "holder in due course" means the holder of an instrument if both of the following

19   apply:   (1) The instrument when issued or negotiated to the holder does not bear such apparent

20   evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into

21   question its authenticity. (2) The holder took the instrument (a) for value, (b) in good faith, (c)

22   without notice that the instrument is overdue or has been dishonored or that there is an uncured

23   default with respect to payment of another instrument issued as part of the same series, (d)

24   without notice that the instrument contains an unauthorized signature or has been altered, (e)

25   without notice of any claim to the instrument described in Section 3306, and (f) without notice

26   that any party has a defense or claim in recoupment described in subdivision (a) of Section 3305.

27

28

1 | Plaintiff gave Notice to Defendant of a dispute of validity of contract, as a claim, prior to
2 | Defendant "acquiring" any alleged interest.

3 | 22.    Cal. Comm. Code §3305: "(a) Except as stated in subdivision (b), the right to
4 | enforce the obligation of a party to pay an instrument is subject to all of the following:    (1) A
5 | defense of the obligor based on (A) infancy of the obligor to the extent it is a defense to a simple
6 | contract, (B) duress, lack of legal capacity, or illegality of the transaction which, under other law,
7 | nullifies the obligation of the obligor, (C) fraud that induced the obligor to sign the instrument
8 | with neither knowledge nor reasonable opportunity to learn of its character or its essential terms,
9 | or (D) discharge of the obligor in insolvency proceedings.    (2) A defense of the obligor stated in
10 | another section of this division or a defense of the obligor that would be available if the person
11 | entitled to enforce the instrument were enforcing a right to payment under a simple contract.
12 | (3) A claim in recoupment of the obligor against the original payee of the instrument if the claim
13 | arose from the transaction that gave rise to the instrument; but the claim of the obligor may be
14 | asserted against a **transferee** of the instrument only to reduce the amount owing on the
15 | instrument at the time the action is brought" (emph. mine).

16 | 23.    Defendant is without a principal with an enforceable obligation, or the legally
17 | sufficient chain of title to prove up such entitlement right. Defendant and its alleged principal
18 | have no claim, and therefore are not a creditor for purposes of Bankr. Rule 4007(a). Accordingly,
19 | it has no standing *ab initio*.    Proving up the beneficiary is required in this case because
20 | Defendant states without any authority whatsoever that it is acting on behalf of multiple
21 | principals (MERS, US Bank, NA as Trustee, and others).  What is incredible about Defendant's
22 | statements that the beneficiary is US Bank, NA as Trustee, is that a completely different party
23 | has submitted a Proof of Claim (Claim 6-1) in Plaintiff Daniel Major Edstrom's bankruptcy. For
24 | this reason alone this entire summary judgment motion has to be denied.  The Court is barred
25 | from granting summary judgment when a triable issue of fact exists as to who the beneficiary is
26 | in both this adversary proceeding and in the Debtors Chapter 11 bankruptcy.  To find otherwise
27 | would subject Plaintiffs to double or triple jeopardy.  This issue is especially egregious in this

28 |

1    case because the law firm filing this Motion for Summary Judgment stating that the beneficiary

2    is US Bank, NA as Trustee is the very same law firm that filed Proof of Claim 6-1 in Daniel

3    Major Edstrom's bankruptcy.    Claim 6-1 states that the secured creditor is "U.S. BANK,

4    NATIONAL ASSOCIATION, AS TRUSTEE FOR RASC 2005-EMX4". The law firms filings

5    violate the doctrine of inconsistent positions.    These actions are also diametrically opposed to

6    this districts findings in the Deamicis bankruptcy (in RE Ruth M. Deamicis, 7/26/2011

7    Document 121, Case #11-11495 US Bankruptcy Court, Eastern District of California, Fresno

8    Division).    In that case, numerous names were used: (i) US Bank, NA; (ii) US Bank, NA as

9    Indenture Trustee; and (iii) US Bank, NA as Indenture Trustee on behalf of the holder of the

10   Terwin Mortgage Trust 2007-QHL1, Asset-Backed Securities, Series 2007-QHL1.    The Court

11   found that these names were not the same and the Court could not proceed without resolution of

12   conflicts created by using different entity names.    This is EXACTLY the situation here.

13   Defendants and their predecessors and principals have given the following names: (i) US Bank,

14   National Association by Residential Funding Company, LLC fka Residential Funding

15   Corporation Attorney in Fact; (ii) US Bank, NA as Trustee; (iii) Mortgage Electronic

16   Registration Systems, Inc.; (iv) Mortgage Electronic Registration Systems, Inc. as nominee for

17   Mortgage Lenders Network USA, Inc.; (v) US Bank, NA as Trustee for RASC 2005-EMX4.

18   This is perfectly acceptable to Defendants who deny any wrongdoing and at every turn claim

19   "AGENT", while never proffering ANY agency agreement in writing.

20        24.    Assignee liability is well settled law in California, when the assignee takes the

21   benefit of a contract, it also assumes all of the liabilities and the assignor stands only as a surety

22   for the performance of the obligation by the assignee. *Nat'l Retail Dev. Partners I, LLC v.*

23   *Maness (In re Mortgs. LTD)*, 405 B.R, 669 (Bankr. D. Ariz. 2009) see also *Walker v. Phillips*,

24   205 Cal. App. 2d 26 (Cal. App. 2d Dist. 1962).

25        25.    "Whatever conditions or limitations attached to the beneficiaries' interest prior to

26   the assignment apply against the assignee". *Gilberts' Law Summary on Trusts*, 13th Ed. § 442.

27   See: IRS Rule 860D(a)(4), assets must be conveyed into the REMIC Trust on or before the

28

closing date or the asset is prohibited by law from entering into the trusts' asset holdings. Plaintiff does not assert an ability to intervene as a third party to the trust, rather, as a legal entity, the trust itself creates a legally recognizable question of fact as to its own capacity to hold Plaintiffs' asset and thus have standing in this court, *In Re Kemp, id.*; 2) Because the condition precedent as detailed above (B) was never met, the trust is precluded from asserting that any valid contract exists as a matter of law.

26.    Plaintiff's rights under both contract (deed) and statute have been prejudiced and their ability to contest foreclosure has been impaired. *Fontenot,* 198 Ca. App. 4th at 267, 129 Cal. Rptr. 3d 467, *DeBrunner v. Deutsche Bank Nat'l Trust,* 204 Cal. App. 4th 433, 444, 138 Cal. Rptr. 3d 830, 838 (Cal. Ct. App. 2012). The "conceivable prejudice" that Defendant contends Plaintiff has not shown is on the face of the Notice of default and is contained within his contract and within the construct of the statutes at Cal. Gov't Code §§27201, 2924 et. Seq. Plaintiff has the contractual right to valid notice under contract and under both cited statutes. Plaintiff has been afforded no such notice. See: *Wolfe v. Lipsy* (App. 2 Dist. 1985) 209 Cal.Rptr. 801, 163 Cal.App.3d 633. Quieting Title 34(5); *Angell v. Superior Court* (Verdugo Trustee Service Corp.) (1999) 73 Cal. App. 4th 691 [86 Cal Rptr. 2d 657]; *City of Los Angeles v. Morgan,* 105 Cal. App. 2d 726 (1951) the court stated: "the purpose of the recording statutes is to provide notice…whether valid or invalid…if invalid instruments are recorded, no notice is given."

27.    Defendant misstates the facts at Defendant's pg. 14, ¶ 1, MSJ: "Generally, California foreclosure statutes are not subject to 'strict compliance'". While this may be true, the Notice of Default invokes the ***non***-judicial statute and must, therefore be strictly complied with, as is well established law in California. See <u>Baypoint Mortgage Corp. v. Crest Premium Real Estate etc. Trust</u> (1985) 168 Cal.App.3d 818, 827, 830, 214 Cal.rptr 531), "[t]he statutory requirements must be strictly complied with." (<u>Miller</u> v. Cote (1982) 127 Cal.App.3d 888, 894, 179 Cal.Rptr. 753.) (at p. 894). Defendant has not strictly complied with the statute.  Because

Defendant was not substituted in by the beneficiary, Defendant has in fact never invoked the statute.

28.     Defendant continually, and as a theme, refers to judicially noticeable documents as regular and complete, yet, does not impart one single piece of evidence of the truthfulness and accuracy of the facts contained within the instruments, see: id. Defendant continues, throughout the entirety of its Motion, with summarily insisting the existence of a default, by virtue of the fact that Defendant recorded a notice of default on behalf of a beneficiary, yet, again, provides nothing to support the facts contained within the notice, NOTHING. If courts are to rely upon such obvious Hearsay, Plaintiff could simply execute and file for record a rescission of Notice of Default and such equally worthless paper would hold equal evidentiary value as Defendant espouses to this court. "We recorded it, therefore it must be valid" cannot be used as a carving knife against Plaintiff's rights.

29.     The many cases cited herein by Plaintiff support the fact that Defendant does have a duty, under statute and contract, to perform. Those same cases and authorities also point out the serious nature of Defendant's actions and the proximate damage caused by such. Prejudicial harm has befallen Plaintiff and the citizens of California as a direct result of Defendant's actions, omissions and intent.

30.     Finally, Defendant has stated as a fact that "U.S. Bank N.A. as Trustee became assignee/beneficiary of record on July 15, 2009". This one admission is a statement against interest for two reasons; 1. The trust making the claim of beneficial interest in Plaintiff's debt obligation was closed to transfers of interest in 2005 and could not have become a beneficiary after 2005 as an operation of law (I.R.C. 860 et. Seq.), 2. "U.S. Bank, N.A. as trustee" is not a legal entity. There is no such trust named and the systematic use of this anomalous term is a sham and a slap at the intelligence of the Plaintiff and the court. A trust is inferred by use of the term "Trustee", but no trust is named. If the Defendant's facts are to be construed as they are written, then they are seriously bereft of valid parties. U.S. Bank, N.A., as Trustee acts as Trustee for literally thousands of trust entities. Defendants do not make it clear exactly **which** trust

1  Defendant asserts is the assignee/beneficiary.  The court is once again asked to cobble together
2  un-authenticated facts as though the court has such a duty.

3      31.      Defendants MSJ at pg. 16,¶ 3, Defendant's MSJ, Defendant states that "Malice
4  must be alleged (and proved) to overcome this privilege" (referring to Cal. Civ. Code
5  §§2924(d)(1), 47(c). This is preposterous at this stage of the case. Allegations are to be taken as
6  true and counsel is attempting to re-write the Federal Rules of Civil Procedure as yet another
7  artifice to dissuade this court from discerning the true facts. It became Defendant's burden to
8  prove that they were entitled to such a privilege. Proof of instruments and their recitals is the
9  duty of Defendant, and its' unknown principal, not Plaintiff. Sanctions are appropriate when an
10 officer of the court purposefully, and with malice, stoops to this type of argument in a Motion for
11 Summary Judgment. The "proof" that Defendant seeks is in their overt omission of factual
12 evidence whereby the beneficiary actually executed and delivered a "Declaration of Default and
13 Demand for Sale", as stated in the Notice of Default.

14     **C.     Judicially Noticeable Facts.**

15     1.      Each attack on Plaintiff's contentions is based on the request for judicial notice of
16 documents that are ALL in controversy and to which the accuracy of the recitals contained
17 within the documents is in dispute AND the declaration of Ric Juarez which contains mostly
18 Hearsay and self-contradicting statements. Neither of these can, or should, be allowed to support
19 this haphazard attempt at a motion for summary judgment/partial summary judgment. As stated
20 in Plaintiffs Opposition and objection to Defendant NDeX West, LLC's Request for Judicial
21 Notice in Support of its Motion for Summary Judgment/Partial Summary Judgment, each of the
22 recorded documents is not appropriate for judicial notice of certain facts under Cal. Evid. Code §
23 452, 453 (or Federal Evidence Code 201) as used by Defendant.

24     **D.     NDeX use of a large number of case references**.

25     1.      The majority of the cases are not on point, not relevant to this case, do not support
26 whatever Defendants are attempting to allege and are designed to cause confusion, not defend
27 whatever position Defendants are attempting to take. NDeX uses extensive case law to support

28

their position as a foreclosure trustee, but have done nothing to actually prove they are the foreclosure beneficiary (other than continually stating that they are). Plaintiff maintains that the fact pattern in the instant case is different from all of the other cited cases in that, *inter alia*, (i) there are breaks in the chain of title casting doubt and dispute as to the authority and authenticity of title, including the ability to even perform a non-judicial foreclosure; (ii) there is no valid note or Deed of Trust upon which the use of these cases applies to the Plaintiff; (iii) NDeX has unclean hands; (iv) As to the extent any contract exists at all, the First Material Breach was caused by NDeX or the parties to which NDeX relies (apparently among others, MERS and the numerous false entities beginning with "US Bank, National Association as Trustee" ); (v) no obligation, security or default exists; (vi) NDeX failed to meet the conditions precedent as stated in Cal. Civ. Proc. Code 437c, which among others are a request for admissions that the alleged undisputed facts in the instant case are admitted by Plaintiffs.

## III.    LAW & ANALYSIS

1.       A Motion for Summary Judgment is considered a test as to whether or not there are any triable issues of fact before the Court. Under California Rules of Court § 3.1350(b), the Motion may depend upon evidence submitted in support of the Motion. Under California Rules of Court § 3.1350 (c)(4), evidence in support of the Motion must be submitted. However, while the Court is permitted to take Judicial Notice of such documents, the Court may not take Judicial Notice of the alleged preliminary facts contained therein. Defendants Motion is made on the grounds that Plaintiff has no triable issues of fact and that Defendant is entitled to judgment as a matter of law. Facts are left for a jury to decide.  Plaintiffs clearly have triable issues that demand adjudication.

2.   A Rule 12(b)(6) and Rule 12(c) motion are virtually interchangeable, and thus, the same standard applies to both motions. *Johnson v. Rowley*, 569 F.3d 40, 43-44 (2nd Cir. 2009) — *Twombly/Iqbal* standard applies to Rule 12(c). A motion to dismiss claim for legal insufficiency is viewed with disfavor in the federal courts and is granted only in extraordinary cases. *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). A motion for summary

judgment is only appropriate when, even if all material facts under attack are assumed true, the moving party has shown as a matter of law they are entitled to judgment. *Johnson, supra*, at 43-44. The court must assume the truthfulness of all facts pleaded in the complaint. All inferences from these facts must be construed in favor of the responding party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Thus, a Defendant is not entitled to summary judgment if the complaint raises facts that if proved true could constitute recovery; however, it is immaterial whether the court believes the complaint could merit success at trial. See, *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989); *Wager v. Pro*, 575 F.2d 882, 884 (D.C. Cir. 1976).

2. Here, determination of the Defendants' obligations under the statute and regulations clearly governing their conduct and incorporated into the contracts at issue will clarify the ongoing obligations of Defendants to Plaintiff, and will help guide the conduct and expectations of Defendants to avoid any further harm to Plaintiff. It is thus irrelevant whether Plaintiff has a private right of action under the statute or regulations directly because the Court is clearly empowered to adjudicate the legal obligations underlying the contractual dispute at issue here.

3. In order to determine the parties' rights and obligations under the contract, it is necessary to ascertain their rights and obligations under the terms incorporated into the contract and thus define the contractual bargain struck by the parties. Though the declaratory relief cause of action was brought under California state law, the Declaratory Judgment Act broadly provides that the Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The remedy promotes both judicial and real-world efficiency, by allowing the parties to avoid ongoing harm by obtaining speedy judicial determination of their rights than waiting and addressing claims only retrospectively. See, e.g., *Societe de Conditionnement on Aluminum v. Hunter Eng. Co., Inc.*, 655 F.2d 938, 943 (9th Cir. 1981). It is also well-settled that the

declaratory judgment need not resolve the parties' entire dispute. See, *Harris v. United States Fid. & Guar. Co., Inc.*, 655 F.2d 850, 852 (5th Cir. 1978).

3. For purposes of determining whether the moving party is entitled to judgment, factual allegations that are uncontested where the opposing party had an opportunity to refute them will be deemed true. *Flora v. Home Fed'l Sav. & Loan Ass'n*, 685 F.2d 209, 211 (7th Cir. 1982). Although a Rule 12(c) motion does not mention leave to amend, courts do possess the discretion to allow it. *William W. Schwarzer, et al.*, Cal. Prac. Guide Fed. Civ. Proc. Before Trial, 9:341 (2011).

4. Defendant alleges that they are the foreclosing trustee and limited signing agent of an entity, yet to be proven, that has complied with the strict provisions of California Civil Code § 2924 et. Seq. Defendant has alleged that a trust is the beneficiary to a debt obligation as evidenced by the note proffered as evidence, accompanied by a deed of trust as the security for the debt.

5. As our United States Supreme Court has stated, the condition precedent to standing is clean hands[1]. Defendant and/or their Counsel is/are hiding material information from this honorable Court, and this conduct is not frank and fair and Counsel is intentionally keeping matters in controversy from being placed before this Court. As a matter of course the instant motion should be withdrawn before Plaintiff invests an incredible amount of effort responding to the instant motion. At the latest the instant motion should be withdrawn before it is heard. In response to Plaintiff Daniel Major Edstrom's Chapter 11 Bankruptcy filing in the United States Bankruptcy Court for the Eastern District of California (Sacramento Division) on 5/15/2012, Barrett, Daffin, Frappier, Treder & Weiss ("Counsel") as Counsel for an alleged "secured creditor" submitted a document on 7/31/2012 whereby they introduced another party as the "secured creditor" in direct conflict with the allegedly undisputed statements of fact proffered in the instant motion. This "secured creditor" being "U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR RASC 2005- EMX4 ITS ASSIGNS AND/OR SUCCESSORS IN

---

[1] *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240 (1933)

INTEREST". Counsel now represents both the alleged "neutral third party foreclosure trustee" and an allegedly secured creditor (which is an impossibility because in the instant case before this honorable Court Counsel is stating that a different party is an allegedly secured creditor). Counsel is deliberately and recklessly seeking an unfair advantage over Plaintiffs. NDeX and/or their Counsel has set the judicial machinery in motion and seeks to obtain some remedy, while at the same time violating conscience, good faith, fair dealing or other equitable principal. NDeX and/or their Counsel has/have acted with fraud, deceit or an unfair means to gain an advantage. If this Honorable Court aids a party in such a case as this it would make this court the abetter of iniquity. This instance is not the only time NDeX and/or their Counsel have done this, but also are one who: "wittingly and willingly puts in, uses, avows, maintains, justifies, or defends the same, or any of them, as true, and done, had, or made in good faith, or upon good consideration" as to both of the mutually exclusive Assignments of Deed of Trust in this case. And now, with the filing of the new "secured creditor" in Daniel Major Edstrom's Chapter 11 bankruptcy, it is clear that we now have three (3) mutually exclusive creditors, none of whom have any proof of validity whatsoever.

6.    Defendant and the Counsel that represents them are under a duty to the Court to prove prudential and constitutional standing prior to being afforded the benefits of this Court. Defendant has utterly failed to do so.

7.    Plaintiff asserts that the loan obligation, as evidenced by the proffered note, is not the transaction that he entered into and gained a benefit from. Plaintiff denies here again, for the record, that Defendant is the real party in interest, or is an agent, affiliate, or correspondent of the transaction that actually occurred in his debt obligation.

8.    Plaintiff states here that Defendant is acting in concert with the unknown trust entity referenced herein (but not named) and has had unclean hands from the inception of this case. Defendant has produced a series of publicly recorded instruments that are invalid under the Recording statutes in California, thus, no lawful Notice has been afforded Plaintiff in any of the referenced instruments, in their entirety.

9.     Plaintiff denies the rebuttable presumption of validity of all instruments and documents as presented to this court by Defendant and Plaintiff. The recitals contained within the instruments are false and carry no authority under the Recording Statutes. Defendant merely furnishes the Court with preliminary facts with no proof of the facts anywhere.

10.     Provisions in section 689 of the Code of Civil Procedure that the allegations of the third party claim shall "*be deemed controverted*" is in effect no different than the provisions of section 462 of the Code of Civil Procedure, that the statement of any new matter in the answer must "*be deemed controverted*" by the opposite party. All matters in the Motion are controverted here.

11.     Defendant and their agents, principals and predecessors have not acquired "duly perfected title", and continues to cloud the triable issue of: 1.) whether or not they have standing, 2.) what facts contained in the recitals of the recorded documents filed by Defendant are true, and 3.) what rights, if any, they have after they knowingly and egregiously failed to perform their duties under the Recording Statutes.

12.     As Defendant has already evidenced herein, the issue of title and the facts alleged as true within the recitals of the County Records are at issue. Defendant has the right to address these issues in this Court as the case itself turns on the truthfulness and legality of the recitals in the documents, including the note and deed, used as prima facie evidence by Defendant. As Plaintiff has established, along with controlling California law, there is a **rebuttable presumption** as to the recitals, as alleged facts, in recorded documents and Defendant has rebutted these presumptions.

13.     Defendant has exhibited Recorded documents that contain factual proof that Defendant never had beneficial interest in the subject property and had no such authority[2] to execute the chain of documents following those fatally defective documents.

14.     Also see the deed of trust at section 24, wherein it states: "Lender, at its option, may from time to time appoint a successor Trustee to any Trustee appointed hereunder… This

---

[2] Rowena F. Cockerell v. Title Insurance and Trust Company (a Corporation) et al., (42 Cal.2d 284 (1954))

procedure for substitution of trustee **shall govern to the exclusion of all other provisions for substitution.**" Nowhere in this provision is there any mention of MERS, or the word "Nominee" as an authorized agent to execute such a function. Clearly the intention of the contract was to have the Lender, and only the Lender, substitute the trustee of this deed.

15.    California Civil Code § 2924 (a)(1)(C) provides that: A statement setting forth the nature of each breach actually known to the beneficiary and of his or her election to sell or cause to be sold the property to satisfy that obligation and any other obligation secured by the deed of trust or mortgage that is in default.

16.    CAL. GOV. CODE § 27201:  (a) "The recorder shall, upon payment of proper fees and taxes, accept for recordation any instrument, paper, or notice that is authorized or required by statute or court order to be recorded, if the instrument, paper, or notice contains sufficient information to be indexed as provided by statute, meets recording requirements of state statutes and local ordinances, and is photographically reproducible. The county recorder shall not refuse to record any instrument, paper, or notice that is authorized or required by statute or court order to be recorded on the basis of its lack of legal sufficiency". The legal sufficiency of all instruments, as filed by Defendant and their agents and assigns, are disputed and denied here.

17.    "Photographically reproducible," for purposes of this division, means all instruments, papers, or notices that comply with standards as recommended by the American National Standards Institute or the Association for Information and Image Management for recording of records.

18.    (b)(1) "Each instrument, paper, or notice shall contain an original signature or signatures, except as otherwise provided by law, or be a certified copy of the original". No such character of the instruments filed for record in this case by Defendant contain such character and are disputed and denied as to their compliance with the statute.

19.    The Declaration of "Ric Juarez", as proffered by Defendant, offers a statement that Declarant "has personal knowledge of the accuracy of these records as well as the source of the information referenced <u>herein</u>".  "Herein" references the Declaration itself, and not the

source of the records' information <u>therein.</u> This means that Declarant is relying upon third party information that is Hearsay and unreliable as to the time, place, person, protocols and data entry methods used by the actual person responsible for memorializing such critical data. "Juarez" cannot, and does not have any firsthand knowledge of the recitals contained within the text of the instrument, therefore, all statements within the four corners of the instrument are hearsay and subject to dispute. "Juarez" merely parrots the assumption of accuracy and truthfulness by tip-toeing around the heart of the instrument…direct knowledge of facts as contained in the instrument. "Juarez" is not permitted to rely upon spreadsheets, emails and faxes sent by persons unknown to Plaintiff and this Court.

20.    At # 17 in the Declaration of "Juarez", it states that NDeX "receives its instructions directly from the loan servicer on whether and **how** (emph. mine) to proceed with foreclosure matters". This is in direct contradiction to the language of the Notice of Default that states that the beneficiary has declared a default and demand for sale". The servicer has no authority to instruct Trustee NDeX as to amounts alleged as past due, and declarations of default when the plain statement is made within the instrument that the beneficiary has made such claims. No evidence whatsoever is offered as the foundation for the statements made in any of the instruments offered here by NDeX. No statement of firsthand knowledge of the facts alleged in the instrument are true, accurate, or a business record of the person signing the instrument. No declaration of default, as written by the alleged beneficiary trusts' qualifying Officer, is attached to the Notice of Default, nor is it offered as evidence by Defendant here.

21.    The unknown and unnamed trust is alleged as being the beneficiary to Plaintiffs' debt obligation, thus, a counter-party to the Plaintiffs' deed as a contract beneficiary. Defendant states that Plaintiff is not a party to the trusts' underlying PSA and other supporting contracts, yet Defendant adamantly claims that the (unknown and unnamed) trust is somehow in privity with Plaintiffs' contract note and deed. The door of privity swings both ways, or doesn't open at all for both parties.

22.    Plaintiff has had to rely upon several representations by Defendant as to who is the beneficiary, ie., MERS, U.S. Bank, NA as evidenced on the Substitution of Trustee, US Bank National Association as Trustee by Residential Funding Company, LLC fka Residential Funding Corporation Attorney in Fact, and U.S. Bank, as trustee, for. RASC Series 2005-EMX4 (by Counsel in Plaintiff Daniel Major Edstrom's Chapter 11 Bankruptcy, Case No. 12-29353-B-11, Eastern District of California, Sacramento Division). By Defendants' and their Counsel's own hands, it has cemented its' fate with unclean hands and has speciously trespassed upon Plaintiffs' alleged deed, while simultaneously clouding title and making it unmarketable.

23.    "The procedure for foreclosing on security by a trustee's sale pursuant to a deed of trust is set forth in Civil Code section 2924 et seq"5 (*Miller v. Cote* (1982) 127 Cal.App.3d 888, 894, 179 Cal.Rptr. 753.) Because nonjudicial foreclosure is a "drastic sanction" and a "draconian remedy" (*Baypoint Mortgage Corp. v. Crest Premium Real Estate etc. Trust* (1985) 168 Cal.App.3d 818, 827, 830, 214 Cal.Rptr. 531), "[t]he statutory requirements must be strictly complied with." (Miller, at p. 894, 179 Cal.Rptr. 753.) California Civil Code 1442 confirms that this is the case. The beneficiary under the alleged Deed of Trust has to be certain and must have provided a written demand and declaration of sale as stated in the Notice of Default. NDeX contends that MERS was a valid beneficiary. However, MERS did not substitute NDeX in before or after the Notice of Default, nor was MERS listed as the lender or creditor in the two letters received by Plaintiff dated 12/24/2008[3]. In fact the MERS Servicer ID Website shows that the "investor" is "RFC Trustee 04", another non-existent entity which is in violation of California Civil Code § 1558. The substitution of trustee judicially notice by Defendant is an impossibility as the party attempting to substitute the trustee under the Deed of Trust is a stranger

---

[3] Each of the two letters state "The current creditor to whom the Debt is owed is US BANK NATIONAL ASSOCIATION AS TRUSTEE BY RESIDENTIAL FUNDING COMPANY, LLC FKA RESIDENTIAL FUNDING CORPORATION ATTORNEY IN FACT." And yet this cannot be possible because, inter alia, (i) the creditor name violates California Civil Code 1558; (ii) no attorney in fact exists or has been proven to exist; and (iii) the use of this invalid entity predates the assignment of Deed of Trust to this alleged "creditor" by well over 30 days.

to the transaction and thus some unknown entity[4] has fabricated forged and counterfeit document showing in the land records as a Wild Deed.

24.     Under section 2924, a power of sale in a deed of trust "shall not be exercised" until a notice of default is recorded "identifying the ... deed of trust ... and containing a statement that a breach of the obligation for which the ... transfer in trust is security has occurred, and setting forth the nature of each breach actually known to the beneficiary and of his or her election to sell or cause to be sold the property to satisfy that obligation and any other obligation secured by the deed of trust ... that is in default...."

25.     "The provisions of section 2924 ... with reference to inclusion, in the notice of default, of a statement setting forth the nature of the breach 'must be strictly followed.' [Citation.] The person relying upon the notice of default is 'bound' by its provisions, and 'cannot insist upon any grounds of default other than those stated in that notice.' " (*System Inv. Corp. v. Union Bank* (1971) 21 Cal.App.3d 137, 152–153, 98 Cal.Rptr. 735; see also *Hayward Lbr. & Invest. Co. v. Corbett* (1934) 138 Cal.App. 644, 650, 33 P.2d 41 [person recording notice of default is "powerless to insist upon ... grounds for default" other than those described in the notice].)

26.     "[T]he intent of [section 2924] is sufficiently complied with if the notice of default contains a correct statement of some breach or breaches sufficiently substantial in their nature to authorize the trustee or beneficiary to declare a default and proceed with a foreclosure." (*Birkhofer v. Krumm* (1938) 27 Cal.App.2d 513, 523–524, 81 P.2d 609.) "[E]rroneous statements [that] may appear in the notice about other breaches ... may properly be treated as immaterial." (Id. at p. 524, 81 P.2d 609.) Moreover, "the failure to include an actually known default shall not invalidate the notice of sale and the beneficiary shall not be precluded from asserting a claim to this omitted default or defaults in a separate notice of default." (§ 2924.)  In this case no such other separate notice of default exists.

---

[4] Once again the entity purporting to have authority to sign the document does not exist and is not identifiable pursuant to California Civil Code § 1558.  So what "real" entity authorized the instrument to be executed and recorded?  Regardless of the answer, this document does not give notice as it contains a false statement.

27.     From the foregoing authorities, the following rule applies: To be valid, a notice of default must contain at least one correct statement of a breach of an obligation the deed of trust secures. Moreover, the breach described in the notice of default must be substantial enough to authorize use of the drastic remedy of non-judicial foreclosure. If a notice of default does not satisfy these requirements, then the notice is invalid and the lender cannot exercise the power of sale based on that notice. That is the case here.

## IV.     CONCLUSION

Based on the foregoing, Plaintiff submits that it has demonstrated sufficient grounds to deny a Defendants motion for summary judgment, and to also deny partial summary judgment for Defendants.    For the reasons set forth herein, Defendants motions and the supporting declarations should be denied.    Plaintiff prays for any sanctions against counsel that are applicable as well as perjury charges as properly alleged by Plaintiff concerning declarations submitted in support of Defendants' Motion for MSJ.    Further discovery is necessary for Plaintiffs to obtain documents from Defendants supporting responses giving in Discovery.  For these reasons Defendant's motion for summary judgment should be DENIED.

Respectfully submitted,

Dated: March 13th, 2013

/s/ Daniel Edstrom
Daniel Edstrom,
Plaintiff and Debtor-in-possession

/s/ Teri Edstrom
Teri Edstrom,
Plaintiff