FILED

MAR 1 3 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

1  DANIEL MAJOR EDSTROM
2  2690 BROWN BEAR COURT
   COOL, CA 95614
3  TEL: 916/207-6706 | FAX: 888/552-2503
   Plaintiff and Debtor-in-Possession
4

5  TERI ANNE EDSTROM
   935 LINCOLN WAY #213
6  AUBURN CA, 95603
   TEL: 916/207-4412
7  Plaintiff

8                    UNITED STATES BANKRUPTCY COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10                        SACRAMENTO DIVISION
11

12  In re DANIEL MAJOR EDSTROM,              ) CASE NO. 12-29353
                                             ) CHAPTER 11
13        Debtor-in-possession.              ) DC NO. DME-1
                                             ) A.P. NO. 12-02546-B
14  _____     )
                                             ) **PLAINTIFFS OPPOSITION AND**
15  DANIEL MAJOR EDSTROM, an individual,     ) **OBJECTION TO DEFENDANT NDEX**
    and TERI ANNE EDSTROM, an individual,    ) **WEST, LLC's REQUEST FOR**
16              Plaintiffs,                  ) **JUDICIAL NOTICE IN SUPPORT OF**
                                             ) **ITS MOTION FOR SUMMARY**
17  v.                                       ) **JUDGMENT**
18                                           )
    NDEX WEST, LLC, a Delaware limited       )
19  liability company, et al                 ) Hearing:
                                             ) Date: March 19, 2013
20              Defendants.                  ) Time: 9:32 a.m.
                                             ) Ctrm.: 32
21                                           ) Hon. Thomas C. Holman
                                             ) 501 I Street, 6th Floor, Sacramento,
22                                           ) California 95814, Tel.: (916) 930-4473
                                             )
23                                           )
24                                           )
25                                           )
26                                           )
27                                           )
28

**TO THE PRESIDING JUDGE FOR THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF EL DORADO AND TO ALL INTERESTED PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD**:

Plaintiff's Daniel Major Edstrom and Teri Anne Edstrom ("Edstrom" or "Plaintiff") hereby respectfully objects to and opposes DEFENDANT NDeX WEST, LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. BANKR. P. 7056, FED. R. CIV. P. 56(b), (d)(1) & APPENDIX OF EXHIBITS ("RJN"). Six (6) of the nine (9) documents that NDeX WEST, LLC (NDeX) requests judicial notice of are inappropriate subjects for notice under Federal Rule of Evidence §201(b), (d) and §201(b)(2). The Court is not permitted to do more than take notice that a particular document may have been recorded. So even if the Court were to decide to take judicial notice of the first six (6) documents, because some are purported to have been recorded, the court only takes judicial notice of the recording of the document, they do not take notice of the truth of matters stated in the documents. See People v. Long (1970) 7 Cal App 3d 586. The declarations submitted with Plaintiffs Opposition set forth facts on the record that dispute the accuracy of either (i) the recitals set forth within each document; and/or (ii) the relevancy of the recitals set forth within each of these documents. Pursuant to <u>Rowena F. Cockerell v. Title Insurance and Trust Company</u> (a Corporation) et al., (42 Cal.2d 284 (1954)), evidence supporting the recitals contained within the document as well as the authority of the party executing the document are required:

> As was said in <u>Brown v. Ball</u>, *supra,* 123 Cal.App. 758, "... we think that it would be a dangerous innovation to hold that on such proof, without more, an assignment purporting to be executed by an agent, as each of these were, could be introduced into evidence. We are asked to presume not only that the persons whose names are subscribed actually executed the assignments, but also that they had authority to do so merely because they were received through the mail in their

present form after having been mailed to the alleged assignors with a request that they be executed." In the present case, we would have to assume the position of Russ and Ethyl Green in the chain of title, that the Crestmore Company had complied with the statutory provisions relating to the use of a fictitious name, and that P. H. Wierman was a member of the firm with the authority to execute an assignment of the note made payable to that firm. Such assumptions, would indeed, constitute a "dangerous innovation."

While recorded instruments are presumed valid, the mere act of recordation does not authenticate its validity, rather, evidence to support such instrument is required. See: Cal. Evid. Code § 1271, requiring a Declaration establishing the sources of information and the manner and time of preparation were such as to indicate trustworthiness; Code of Civ. Procedure § 437c, subd. (d) where a supporting Declaration must be made on personal knowledge and "show affirmatively that the affiant is competent to testify to the matters stated therein". The courts' record is bereft of any supporting affidavit that complies with these requisite standards. The instrument(s) are also required to be acknowledged. Cal. Gov't Code §§§§ 27201, 27282, 27285, 27286, 27287, 27288, 27289. Also see: *Tomczak v. Ortega* 50 Cal. Rptr. 20, 240 Cal. App. 2d 902, "no substantial evidence to support such recital" was found and the notice of default and subsequent trustee's deed upon sale were determined as void and of no legal effect for lack of evidence." See: *Wolfe v. Lipsy* (App. 2 Dist. 1985) 209 Cal.Rptr. 801, 163 Cal.App.3d 633. Quieting Title 34(5); *Angell v. Superior Court (Verdugo Trustee Service Corp.)* (1999) 73 Cal. App. 4th 691 [86 Cal Rptr. 2d 657]; *City of Los Angeles v. Morgan*, 105 Cal. App. 2d 726 (1951) the court stated: "the purpose of the recording statutes is to provide notice…whether valid or invalid…if invalid instruments are recorded, no notice is given." Plaintiff was entitled to valid notice under statute and was denied such valid notice by Defendant.

**Exhibit 1 – Deed of Trust**

Under §452(c) a deed is not an office act of the legislative, executive, and judicial departments of the United States or any state of the United States. Under §452(d) the document

is not a court record. Under §452(g) the facts and propositions that are of such common knowledge within the territorial jurisdiction of the court that they cannot reasonably be the subject of dispute does not apply. And under §452(h) the document does not contain facts and propositions that are not reasonably subject to dispute by accurate determination through resort to sources of reasonably indisputable accuracy. As to the very heart of this matter Plaintiffs specifically allege (i) that the document is invalid and untruthful; (ii) that the recitals contained within the document are false; (iii) that the party signing the document does not have the requisite authority; (iv) that the signature is not authorized and is a forgery. In *City of Los Angeles v. Morgan*, 105 Cal.App.2d 726 (1951), the court stated: "The purpose of our recording statute is to give notice to prospective purchasers or mortgagees of land of all existing and outstanding estates, titles, or interests in it whether valid or invalid, which may affect their rights as bona fide purchasers and so as to protect them before they part with their money. Accordingly, it is obvious that invalid documents are not entitled to be recorded, but if they are recorded, they do not give constructive notice. Id. at 733 (citations omitted) (emphasis added). This document is not valid and does not give notice. Plaintiff is entitled to valid notice both under contract and statute. The fact that the document is recorded does not provide any magic powers that suddenly make the document valid. Plaintiffs' hereby rebut any presumption of validity and specifically state that the document is not valid and if left in the record will cause further irreparable damage to Plaintiff. The request for judicial notice as to the preliminary facts, as recitals, within the instruments should be denied.

### Exhibit 2 – Notice of Default and Election to Sell Under Deed of Trust

For the same reasons applying to Exhibit 1 explained above, §§ 452(c), (d), (g), (h), and §453 do not apply. The obligation is current and not in default, the note and Deed of Trust Defendant relies on do not reference a real financial transaction and thus the note cannot be evidence of an obligation. The Deed of Trust is incidental to the note, and no lien arose from the Deed of Trust as the note does not evidence an obligation. Defendant has no Written Declaration of default and Demand for Sale, as executed by the beneficiary, that has been exhibited as

1  evidence of their right to issue the Notice of Default. The use of the word "if any" at the end of
2  the description of the amount alleged to be in default renders the Notice of Default void and the
3  Plaintiffs entitled to a permanent injunction. *Anolik v. EMC Mortgage Corp.*, 128 Cal. App. 4th
4  1581 (2005), "The provisions of section 2924 ... with reference to inclusion, in the notice of
5  default, of a statement setting forth the nature of the breach 'must be strictly followed.'
6  [Citation.]. The person relying upon the notice of default is 'bound' by its provisions, and
7  'cannot insist upon any grounds of default other than those stated in that notice.' " (*System Inv.
8  Corp. v. Union Bank* (1971) 21 Cal.App.3d 137, 152–153, 98 Cal.Rptr. 735; see also *Hayward
9  Lbr. & Invest. Co. v. Corbett* (1934) 138 Cal.App. 644, 650, 33 P.2d 41 [person recording notice
10 of default is "powerless to insist upon ... grounds for default" other than those described in the
11 notice].)

12  4 "[T]he intent of [section 2924] is sufficiently complied with if the notice of default
13 contains a **correct statement** (Emph. mine) of some breach or breaches sufficiently substantial in
14 their nature to authorize the trustee or beneficiary to declare a default and proceed with a
15 foreclosure." (*Birkhofer v. Krumm*, (1938) 27 Cal.App.2d 513, 523–524, 81 P.2d 609.).

### Exhibit 3 – Substitution of Trustee

17  For the same reasons applying to Exhibit 1 explained above, §§ 452(c), (d), (g), (h) and
18 §453 do not apply. The Court should not deem any matters stated to be truthful and the request
19 denied.

### Exhibit 4 – Assignment of Deed of Trust

21  For the same reasons applying to Exhibit 1 explained above, §§ 452(c), (d), (g), (h) and
22 §453 do not apply. Additionally, this document is directly contradicted by Exhibit 5. Exhibit 4
23 and Exhibit 5 are mutually exclusive. Exhibit 4 cannot be valid while Exhibit 5 is recorded and
24 not removed, rescinded or cancelled. The assignor does not exist and is not identifiable[1]. An
25 assignment cannot be made to an attorney in fact, especially where the principal is not identified[2]

---

[1] **California Civil Code 1558**: It is essential to the validity of a contract, not only that the parties should exist, but that it should be possible to identify them.
[2] See **In RE Deamicis, Debtor, U.S. Bank National Association, as Indenture Trustee, on behalf o fthe holders of the Terwin Mortgage Trust 2007-QHL1, Asset-Backed Securities, Series 2007-QHL1, without recourse,**

and no attorney in fact is produced[3]. An assignment is a transfer of an interest in real property that must be to a person or entity that exists and on a specific date. The assignment, by the use of the word "grant" is subject to the California Civil Code sections governing a grant. See the following: California Civil Codes: 1044, 1045, 1054, 1056, 1058, **1066**, 1067, **1068**, **1070**, **1091**, 1107, 1109, 1110, <u>**1113**</u>, 1114, 1214, 1435, **1436**, **1441**, and **1442**. This assignment is repugnant, absurd, impossible and unlawful on its face. The Court should not deem any matters stated to be truthful and the request denied with prejudice.

### Exhibit 5 – Assignment of Deed of Trust

For the same reasons applying to Exhibit 1 explained above, §§ 452(c), (d), (g), (h) and §453 do not apply. Additionally this document is directly contradicted by Exhibit 4. Exhibit 4 and Exhibit 5 are mutually exclusive. Exhibit 5 cannot be valid while Exhibit 4 is recorded and not removed, rescinded or cancelled. The assignor does not exist and is not identifiable (again refer to footnote 1). An assignment cannot be made to a "nomadic" trustee of a trust without identifying the trust, which is the real party in interest (again refer to footnote 2). Additionally this document contradicts Defendant and their agents, principals and predecessors representations, pleadings and declarations in previous hearings and court cases[4]. The assignment, by the use of the word "grant" is subject to the California Civil Code sections governing a grant. See the following: California Civil Codes: 1044, 1045, 1054, 1056, 1058, **1066**, 1067, **1068**, **1070**, **1091**, 1107, 1109, 1110, <u>**1113**</u>, 1114, 1214, 1435, **1436**, **1441**, and **1442**.

---

**Movant, v. Ruth M. Deamicis, Respondent.**, (Case No. 11-11495-B-7, July 26, 2011, Document #121, United States Bankruptcy Court, Eastern District of California, Fresno Division)
[3] **Rowena F. Cockerell v. Title Insurance and Trust Company (a Corporation) et al.**, (42 Cal.2d 284 (1954))
[4]    See **Proof of Claim 1-1** filed by "AMERICA'S SERVICING COMPANY, as servicing agents for US BANK NATIONAL ASSOCIATION AS TRUSTEE BY RESIDENTIAL FUNDING COMPANY, LLC FKA RESIDENTIAL FUNDING CORPORATION ATTORNEY IN FACT, its successors and/or assigns" in Plaintiffs Chapter 13 bankruptcy case (in RE Edstrom, filed 4/14/2009, Case #09-26891-A-13L , United States Bankruptcy Court, Eastern District of California, Sacramento Division) as exhibited in Plaintiffs Request for Judicial Notice in Opposition to Defendant NDeX West, LLC's Motion for Summary Judgment/Adjudication.
    Also see the **Motion for Relief from Stay** filed by "US BANK NATIONAL ASSOCIATION AS TRUSTEE BY RESIDENTIAL FUNDING COMPANY, LLC FKA RESIDENTIAL FUNDING CORPORATION ATTORNEY IN FACT" in Plaintiffs Chapter 7 bankruptcy case (in RE Edstrom, filed 8/4/2009, Case #, United States Bankruptcy Court, Eastern District of California, Sacramento Division)
    Also See **NOTICE OF APPEARANCE AND REQUEST FOR DUPLICATE NOTICE…** filed by Barrett Daffin Frappier Treder & Weiss, LLP who allege they are counsel for "secured creditor" U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR RASC SERIES 2005- EMX4 ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST

Specifically this grant is an impossibility because previous to the time of the execution of such conveyance, the grantor had conveyed the same estate, or a right, title or interest therein, to a person other than the current grantee. The Court should not deem any matters stated to be truthful and the request denied with prejudice.

### Exhibit 6 – Notice of Trustee's Sale

For the same reasons applying to Exhibit 1 explained above, §§ 452(c), (d), (g), (h) and §453 do not apply. The Court should not deem any matters stated to be truthful and the request denied with prejudice.

### Exhibit 7 – Order (01/18/2012)

NDeX requests that the Court take judicial notice of the order from this court dated 1/18/2012. If this order were a part of a final non-appealable order it might be judicially noticed. However, nothing about this order or specified in conjunction with this order shows that it is part of a final non-appealable order. If Exhibit 7 were a final non-appealable order, judicial notice under §§452(c), (d), (g), (h) or §453 might be appropriate. The order does not reference anything in relation to Plaintiff's claims against NDeX in the instant case.

### Exhibit 8 – Order (03/23/2012)

NDeX requests that the Court take judicial notice of the order from this court dated 3/23/2012. If this order were a part of a final non-appealable order it might be judicially noticed. However, nothing about this order or specified in conjunction with this order shows that it is part of a final non-appealable order. If Exhibit 8 were a final non-appealable order, judicial notice under §§452(c), (d), (g), (h) or §453 might be appropriate. The order does not reference anything in relation to Plaintiff's claims against NDeX in the instant case.

### Exhibit 9 – California Secretary of State STATEMENT AND DESIGNATION BY FOREIGN CORPORATION (Mortgage Electronic Registration Systems, Inc.)

The request for judicial notice of this document would appear to be potentially appropriate under §452(c), (g), (h) or 453 as the California Secretary of State is part of the State of California. However, the document itself does nothing to resolve any of the numerous

contentions in the instant case that (inter alia), (i) MERS was not registered to do business in California at the time the Deed of Trust was signed; (ii) that MERS was barred by California law from being a beneficiary of a Deed of Trust; (iii) that MERS was barred by California law from being a nominee on a Deed of Trust; (iv) that MERS has no agency agreement in writing with Mortgage Lenders Network USA, Inc. (and/or any other relevant party in this case); (v) that MERS was removed from the loan at some point prior to 2006; (vi) that the payee of the note was a naked nominee and failed to provide any funds to the Plaintiff's; (vii) that the beneficiary of the Deed of Trust was a naked nominee and failed to provide any funds to the Plaintiff's; (viii) that the note and Deed of Trust do not evidence any real financial transaction.

Dated this 13th day of March, 2013

/s/ Daniel Edstrom
DANIEL EDSTROM,
Plaintiff and Debtor-in-possession


/s/ Teri Edstrom
TERI EDSTROM,
Plaintiff