

DANIEL MAJOR EDSTROM
2690 BROWN BEAR COURT
COOL, CA 95614
TEL: 916/207-6706 | FAX: 888/552-2503
Plaintiff and Debtor-in-Possession

TERI ANNE EDSTROM
935 LINCOLN WAY #213
AUBURN CA, 95603
TEL: 916/207-4412
Plaintiff

FILED
MAR 13 2013
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re DANIEL MAJOR EDSTROM, <br><br> Debtor-in-possession. | CASE NO. 12-29353 <br> CHAPTER 11 <br> DC NO. DME-1 <br> A.P. NO. 12-02546-B |
| DANIEL MAJOR EDSTROM, an individual, and TERI ANNE EDSTROM, an individual, <br> Plaintiffs, <br><br> v. <br><br> NDEX WEST, LLC, a Delaware limited liability company, et al <br><br> Defendants. | **PLAINTIFFS' OBJECTION TO DECLARATION OF RIC JUAREZ** <br><br> <u>Hearing</u>: <br> Date: March 19, 2013 <br> Time: 9:32 a.m. <br> Ctrm.: 32 <br> Hon. Thomas C. Holman <br> 501 I Street, 6th Floor, Sacramento, California 95814, Tel.: (916) 930-4473 |

**TO ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

Daniel Major Edstrom and Teri Anne Edstrom ("Plaintiffs") oppose and object to the Declaration of Ric Juarez ("Juarez") used by NDeX West, LLC ("Defendant" or "NDeX") in support of their Motion for Summary Judgment ("MSJ") based on the following:

1.  The Declaration of Ric Juarez ("Juarez Decl.") is clearly deficient as it fails to state when or how he gained knowledge of the particulars of Plaintiffs mortgage loan documents. Juarez fails to state that in his capacity as Vice President of NDEX that he reviews the particulars of each and every mortgage loan which NDEX "acquires" and how exactly he approves or the extent of his review of the file. Juarez fails to state whether he monitors the file from its inception to present day.

2.  The Juarez Decl. fails to state in his capacity as Vice President of NDEX the extent of his "hands on" and "factual" familiarity of the particulars of the day to day review and maintenance of mortgage files. Juarez Decl. fails to state how he knows the documents, if he was present at the transfer of papers, whether he heard, did he see or was he told the information.

3.  The Juarez Decl. fails to state that Juarez has personal knowledge on his own or how he acquired this knowledge. The Juarez Decl. failed to disclose that he was there, heard, saw or whether he was told and he believes and therefore he means "personally known" as meaning he knows the people who told him of the facts. The Juarez Decl. lacks foundation because he is not a competent witness to establish the authenticity of any of the documents nor the truth of the matters asserted therein.

4.  The Juarez Decl. fails to state how in his capacity as the Vice President of NDeX, which handles tens of thousands of foreclosures every quarter, Juarez's position of Vice President involved the review of loan documents, is a manner or period of time sufficient to allow the Juarez Decl. to have any relevance in these matters.

5.  In light of these deficiencies alleged here and the specifics and particulars in this case the entire Juarez Decl. should be stricken. The Juarez Decl. should not be considered to support the motion for summary judgment, as Juarez clearly lacks sufficient knowledge to be deemed a person most knowledgeable or even remotely provides sufficient statements to support a motion for Summary Judgment.

6.  Juarez is the Vice President of NDeX, which means that he had nothing to do with any of the facts of this case and only became aware of the existence of the case when he was

called to execute a declaration. In fact he identifies himself as the Vice President of a company whose function was to be (1) the "foreclosure trustee" (the Juarez Decl. fails to provide evidence that he ensured NDEX was entitled to act as "foreclosure trustee"). Additionally he fails to show any evidence of the unfounded statement that NDeX is a "limited signing agent" or that NDeX is a "foreclosure trustee." He has provided no agency agreement in writing, nor any declaration of default and demand for sale pursuant to what is stated in the Edstrom Notice of Default.

7. No chain of custody of any of the unfounded "information" provided in the declaration is given. Nor is it mentioned who the foreclosure referral was originally sent to, how it was received, who saw it, who heard it and who was told about it.

8. Juarez is the Vice President of NDeX, which means that he had nothing to do with any of the facts of this case and only became aware of the existence of the case when he was called to execute a declaration. In fact he identifies himself as the Vice President of a company acting as a (2) limited signing agent for the beneficiary under "the deed of trust" without identifying the deed of trust, or offering sworn testimony that he verified that NDeX was entitled to act in that capacity. In this case there is more than one Deed of Trust. Plaintiff asserts that each Deed of Trust is invalid, void and does not describe a legal or lawful transaction. NDeX asserts that every Deed of Trust is accurate and each assignment of Deed of Trust is valid. The Juarez Decl. fails to provide evidence to support these statements.

9. The Juarez Decl. fails to address that NDeX's position directly contradicts their own assertions. Both recorded assignments directly contradict each other without any acknowledgement or explanation from NDeX, who just expects that by their own authority that it is OK for the same entity to sell the same property interest multiple times to multiple entities wholly ignoring violations of, inter alia, California Civil Codes including 1045, 1054, 1056, 1058, 1070, 1091, 1095, 1096, 1110, 1113 and 1558 as well as California Penal Code 533. The Juarez Decl. does not deny, clarify or verify clear opposition of Plaintiff's position.

10. Plaintiff opposes and objects to the Juarez Decl. as each part is hearsay because he did not do the work himself and he admits that he is relying upon the word and work of

others. To this end the Juarez Decl. is fatally flawed and defective. The business records exclusion to the hearsay rule does not apply in this case and has not been proven by NDeX.

11. Since Juarez makes the statement that his company is the "foreclosure trustee" he is admitting that Defendants only have knowledge on their own as to matter that occurred AFTER they received the file or instructions and we ought to know which it was --- the file or the instructions. NDeX has produced no direct evidence of anything. Again, the Juarez Decl. is fatally flawed and defective.

12. Since Juarez identifies his company as the foreclosure trustee, without any foundation whatsoever, he is admitting that the sole purpose of the company, even though it was called a trustee, was to foreclose on the property after the substitution of trustee without verification of any kind that NDeX has legal capacity to do so.

13. Juarez Decl. claims NDeX was ordered to foreclose and failed to perform due diligence or to take any action to protect BOTH the homeowner and the purported creditor, who in this case is a stranger to the transaction as properly alleged by Plaintiffs. Juarez insists on one hand that they can rely in good faith on instructions from the servicer, but on the other hand that NDeX has personal knowledge of facts that happened prior to the alleged foreclosure referral. This contradicts Juarez's unfounded statements that NDeX is not the loan servicer, broker and was not involved in Plaintiffs' loan origination.

14. Juarez Decl. claims NDeX, a self described Trustee, is a substitute for the court and if the facts are in dispute the trustee has no power to decide the merits of competing claims (the trustee is a not a special master who can conduct hearings and rule on evidence or make recommendations of findings to the court), which means that his company was duty bound, upon learning of competing claims, to take the matter to court if the parties could not resolve their differences.

15. Plaintiff's allege that specifically the "trustee" should have filed an interpleader action in which the trustee would have stated that they had no stake in the transaction (something that was untrue since they were a controlled or owned entity by the party pretending to be the

creditor) and that that there is a dispute of facts concerning the procedure and substance of the foreclosure and that the court must rule on the competing claims of the parties --- after BOTH have submitted pleadings stating their positions and then proving the claims in accordance with the rules of civil procedure, due process and the rules of evidence and the doctrines concerning the burden of proof.

16. Juarez Decl. identifies NDeX as the limited signing agent for the beneficiary. There is no identification of who is the beneficiary, and in fact NDeX has changed position on this numerous times. There is no definition of limited signing agent. Furthermore, there is no paragraph any of the Deeds of Trust giving rights to any "limited signing agent." A review of statutes and common law reveals that this term has never been used in any legal document or case EXCEPT where it refers to a notary who is identified by name and license number. It does NOT refer to the authority of any company or person to sign on behalf of another party or company without a separate document providing said authority properly executed and binding under the laws of the state in which the grantor is located and the laws in which the document is to be used. Like MERS was a naked nominee and the "lender" was a "naked nominee", a limited signing agent is a naked nominee meaning, in the parlance of the industry a bankruptcy remote vehicle that will perform acts which might otherwise subject the principals to criminal or civil liability. It is also used to conceal the identity of the principals, which seems to be of utmost importance in this case.

17. NDeX cannot act as an agent unless they have an agency agreement in writing pursuant to the Statute of Frauds and California Civil Code laws of agency. Specifically NDeX cannot execute a writing unless the authorization is in writing.

18. The references made in the Juarez Decl. do not specify which deed of trust, whether it is the one allegedly executed by the homeowners which may or may not be the one produced as the original, but without scrutiny cannot be authenticated as anything more than a fabricated document utilizing modern technology and a color printer. The Juarez Decl. fails to

identify a specific Deed of Trust is used, which would sufficiently verify modifications to the Deed of Trust should be taken as true and correct.

19. The substitution of trustee was executed by a stranger to title and not a lender as required by section #24 of the Deed of Trust, or a beneficiary as required by California Civil Code 2934a(b). In fact NDeX claims that MERS is authorized to do business in California and was a valid beneficiary. But this contradicts NDeX's position as they were not substituted by MERS. MERS did not substitute NDeX West in as Trustee to Plaintiffs Deed of Trust, as confirmed by the Juarez Decl.

20. Again, Plaintiff's properly allege Defendants' position is wrought with inconsistency, fraud and trickery. Defendant states:

   a. MERS is a valid beneficiary according to Defendant (but MERS did not substitute the trustee);

   b. Wells Fargo Bank, NA as Attorney in Fact for U S Bank National Association as Trustee allegedly substituted the trustee on 1/26/2009 (but this entity was not the lender or the beneficiary and does not even exist pursuant to California Civil Code 1558);

   c. MERS as nominee for Mortgage Lenders Network USA, Inc. (MLN) assigned a Deed of Trust (together with the note or notes) to US Bank National Association as Trustee by Residential Funding Company, LLC FKA Residential Funding Corporation Attorney in Fact on 2/6/2009 (MERS is not the beneficiary, MLN was in bankruptcy, MLN allegedly already negotiated the note to EMAX Financial Group in 2005, U S Bank National Association as Trustee had previously executed a substitution of trustee, etc.);

   d. MERS as nominee for MLN assigned another Deed of Trust (together with the note or notes) to U S Bank National Association as Trustee (MERS is not the beneficiary, MLN was in bankruptcy, MLN allegedly

|   |   |
|---|---|
| 1 | already negotiated the note to EMAX Financial Group in 2005, U S Bank |
| 2 | National Association as Trustee had previously executed a substitution of |
| 3 | trustee, MERS as nominee for MLN had already previously and allegedly |
| 4 | assigned the Deed of Trust to a different party, etc.); |

e. Barrett Daffin Frappier Treder & Weiss, who allegedly represent the "neutral, third party trustee" NDeX West, LLC, have submitted a filing in Plaintiff Daniel Major Edstrom's Chapter 11 bankruptcy whereby they now allege that they represent "secured creditor" US Bank, National Association as Trustee for RASC Series 2005- EMX4 and Juarez's statements are directly contradicted by the record Defendants attempt to establish.

21. Juarez states "I have personally reviewed the files." This phrase has been repeatedly thrown out as establishing the business record exception. The fact is that somehow he saw documents without establishing how they came into his possession and who the parties are (why are THEY not testifying?) and what knowledge THEY had, who prepared the documents in the file, what security was used for the posting of data to the files, and what security was employed in maintaining the security of the files. This is layers upon layers of hearsay without any valid exemption. The Juarez Decl. is fatally flawed and defective.

22. Plaintiff is entitled to sanctions and a cause of action for slander of title for filing a false substitution of trustee directed at parties named on the substitution of trustee and the parties who prepared it and the lawyers who presented it knowing that it was a falsified, fabricated and forged fraudulent document.

23. Juarez states in the declaration "My experience as the officer of the company provides the foundation for my knowledge referenced herein". This is an outright admission. He is saying that he has been in the business a long time so looking at the records of the homeowner in this case is like looking at the records of thousands of others where he made the same decision (but we must emphasize that he undoubtedly did not and specifically does not say that he

reviewed other documents). It is an admission that he has NO PERSONAL KNOWLEDGE of the documents, that therefore the declaration is worthless, and that therefore the declaration is not the required foundation for admission of the documents because he, the declarant, is not a competent witness. While Juarez states an OATH, he does not have PERSONAL perception sight, hearing etc., MEMORY and the ABILITY to COMMUNICATE. In fact, Juarez has disqualified his entire firm as a foundation witness since by their own definition (foreclosure trustee) they received the documents after the decision was made by parties outside the chain of title to foreclose.

24. Juarez states "I have personal knowledge of the accuracy of the records." he already said he doesn't and that he (a) received the documents when they were to be foreclosed and (b) relied upon his experience when he reviewed the documents, and additionally fails to state who prepared the data or documents, how they were kept, when they were kept, where they were kept and who was involved.

25. At no time does Juarez say that his company acted as the servicer, creditor, or master servicer, although he infers it. He merely says that they received data and documents from unknown undisclosed sources AFTER the decision to foreclose was already made. By definition neither he nor his company would be competent to testify to facts or documents or data that occurred PRIOR to the time that his company was the "foreclosure trustee."

26. There is no reason to believe that any unauthorized person had access. Nor is there any reason to believe that unauthorized access didn't occur on a regular basis, just like Mortgage Electronic Registration Systems, Inc. ("MERS").

27. As is clear in the Juarez Decl., Juarez knows nothing, saw nothing, heard nothing and was never in any contract with borrower or anyone else as a servicer, never handled any money, and posting, or anything else.

28. Paragraph 16 of the Juarez Decl. is particularly interesting because it corroborates the argument that they were NOT acting as trustee, they were acting as agent. he says that his company acts ONLY as a limited signatory agent to sign and record the Notice of Default (why

8
OPPOSITION TO THE DECLARATION OF RIC JUAREZ

doesn't the creditor do that if this company is not the servicer nor the conduit or collector of any funds) and that the ONLY other function was to serve as "foreclosure trustee."

29.  The last paragraph says it all. They foreclosed because they acted on instructions from the loan servicer without any regard for what the homeowner had to say in objection to the allegations of the loan servicer.

Respectfully submitted,

Dated: March 13, 2013

/s/ Daniel Edstrom
DANIEL EDSTROM,
Plaintiff and Debtor-in-possession


/s/ Teri Edstrom
TERI EDSTROM,
Plaintiff