(10)

FILED

MAR 1 3 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

DANIEL MAJOR EDSTROM
2690 BROWN BEAR COURT
COOL, CA 95614
TEL: 916/207-6706 | FAX: 888/552-2503
Plaintiff and Debtor-in-Possession

TERI ANNE EDSTROM
935 LINCOLN WAY #213
AUBURN CA, 95603
TEL: 916/207-4412
Plaintiff

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re DANIEL MAJOR EDSTROM,<br><br>Debtor-in-possession. | CASE NO. 12-29353<br>CHAPTER 11<br>DC NO. DME-1<br>A.P. NO. 12-02546-B |
| DANIEL MAJOR EDSTROM, an individual,<br>and TERI ANNE EDSTROM, an individual,<br>Plaintiffs,<br><br>v.<br><br>NDEX WEST, LLC, a Delaware limited<br>liability company, et al<br><br>Defendants. | **PLAINTIFFS EVIDENTIARY OBJECTIONS TO DEFENDANTS DECLARATION & REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFFENDANTS MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing:<br>Date: March 19, 2013<br>Time: 9:32 a.m.<br>Ctrm.: 32<br>Hon. Thomas C. Holman<br>501 I Street, 6th Floor, Sacramento,<br>California 95814, Tel.: (916) 930-4473 |

**TO THE PRESIDING JUDGE FOR THE UNITED STATES BANKRUPTCY COURT IN**

**AND FOR THE EASTERN DISTRICT OF CALIFORNIA SACRAMENTO DIVISION**

-1-
PLAINTIFFS EVIDENTIARY OBJECTIONS TO DEFENDANTS DECLARATION & REQUEST
FOR JUDICIAL NOTICE ISO DEFFENDANTS MOTION FOR SUMMARY JUDGMENT

AND TO ALL INTERESTED PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

Plaintiffs Daniel Major Edstrom and Teri Anne Edstrom ("Edstrom" or "Plaintiff") hereby serves its evidentiary objections to defendant NDeX West, LLC's evidence submitted in support of Defendant's motion for summary judgment pursuant to Schoendorf v. U.D. Registry, Inc. 97 Cal. App. 4th 227, 240, 118 Cal. Rptr. 2d 313, 322, fn. 2 (Cal. Ct. App. 2002); Cal. R. Ct 3.1354(a).

## EVIDENTIARY OBJECTIONS

### I. DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

| Obj. No. | Material Objected To | Ground(s) for Objection | Ruling on Objection |
|---|---|---|---|
| 1. | Defendants' Request for Judicial Notice Ex. 1: Deed of Trust recorded 09/14/2005 in the El Dorado County Clerk/Recorder's Office as Instrument No. 2005 0077328 00. | Not relevant. Legal sufficiency disputed. Defendant is not a 3rd party beneficiary of the Deed of Trust. Defendant is not the trustee. Defendant is not the agent appointed in writing for the beneficiary. | Sustained: __ Overruled: __ |
| 2. | Defendants' Request for Judicial Notice Ex. 2: Notice of Default recorded 12/23/2008 in the el Dorado County Clerk/Recorder's Office as Instrument No. 08 60612. | Not relevant. Legal sufficiency disputed. Defendant is not a 3rd party beneficiary of the Deed of Trust. Defendant is not the trustee. Defendant is not the agent appointed in writing for the beneficiary. Arbitrary. Violates CA Civ. Code 1558[1]. Violates First Material Breach Doctrine. Violates the Doctrine of "Prior Inconsistent Positions." | Sustained: __ Overruled: __ |

---

[1] It is essential to the validity of a contract, not only that the parties should exist, but that it should be possible to identify them.

| | | | |
|---|---|---|---|
| 3. | Defendants' Request for Judicial Notice Ex.3: Substitution of Trustee recorded on 02/05/2009 in the El Dorado County Clerk/Recorder's Office as Instrument No. 4996. | Not relevant. Legal sufficiency disputed. Defendant is not a 3rd party beneficiary of the Deed of Trust. Defendant is not the trustee. Defendant is not the agent appointed in writing for the beneficiary. Arbitrary. Violates CA Civ. Code 1558. Wild Deed[2]. Violates First Material Breach Doctrine. Violates the Doctrine of "Prior Inconsistent Positions." | Sustained: __ Overruled: __ |
| 4. | Defendants' Request for Judicial Notice Ex.4: Assignment of Deed of Trust recorded 02/19/2009 in the El Dorado County Clerk/Recorder's Office as Instrument No. 2009 0006093. | Not relevant. Defendant is not a 3rd party beneficiary of the Deed of Trust. Defendant is not the trustee. Defendant is not the agent appointed in writing for the beneficiary. Arbitrary. Violates CA Civ. Code 1558. Wild Deed. Violates First Material Breach Doctrine. Violates the Doctrine of "Prior Inconsistent Positions." | Sustained: __ Overruled: __ |

---

[2] A "wild deed" is defined as "[a] recorded deed that is not in the chain of title . . . ." Black's Law Dictionary 446 (8th ed. 2004).

-3-
PLAINTIFFS EVIDENTIARY OBJECTIONS TO DEFENDANTS DECLARATION & REQUEST
FOR JUDICIAL NOTICE ISO DEFFENDANTS MOTION FOR SUMMARY JUDGMENT

| | | | |
|---|---|---|---|
| 5. | Defendants' Request for Judicial Notice Ex.5:<br>Assignment of Deed of Trust recorded 07/15/2009 in the El Dorado County Clerk/Recorder's Office as Instrument No. 35006. | Not relevant. Defendant is not a 3rd party beneficiary of the Deed of Trust. Defendant is not the trustee. Defendant is not the agent appointed in writing for the beneficiary. Arbitrary. Violates CA Civ. Codes[3] 1045, 1054, 1056, 1058, 1070, 1091, 1095, 1096, 1110, 1113 and 1558. Wild Deed. Violates First Material Breach Doctrine. Violates the Doctrine of "Prior Inconsistent Positions." Puts Plaintiffs at double or triple jeopardy. | Sustained: __<br>Overruled: __ |
| 6. | Defendants' Request for Judicial Notice Ex.6:<br>Notice of Trustee's Sale recorded 05/03/2009 in the El Dorado County Clerk/Recorder's Office as Instrument No. 20100019081. | Not relevant. Defendant is not a 3rd party beneficiary of the Deed of Trust. Defendant is not the trustee. Defendant is not the agent appointed in writing for the beneficiary. Arbitrary. Violates First Material Breach Doctrine. Violates the Doctrine of "Prior | Sustained: __<br>Overruled: __ |

---

[3] CA Civ. Codes: **1045.** A mere possibility, not coupled with an interest, cannot be transferred. **1054.** A grant takes effect, so as to vest the interest intended to be transferred, only upon its delivery by the grantor. **1056.** A grant cannot be delivered to the grantee conditionally. Delivery to him, or to his agent as such, is necessarily absolute, and the instrument takes effect thereupon, discharged of any condition on which the delivery was made. **1058.** Redelivering a grant of real property to the grantor, or canceling it, does not operate to retransfer the title. **1070.** If several parts of a grant are absolutely irreconcilable, the former part prevails. **1091.** An estate in real property, other than an estate at will or for a term not exceeding one year, can be transferred only by operation of law, or by an instrument in writing, subscribed by the party disposing of the same, or by his agent thereunto authorized by writing. **1095.** When an attorney in fact executes an instrument transferring an estate in real property, he must subscribe the name of his principal to it, and his own name as attorney in fact. **1096.** Any person in whom the title of real estate is vested, who shall afterwards, from any cause, have his or her name changed, must, in any conveyance of said real estate so held, set forth the name in which he or she derived title to said real estate. Any conveyance, though recorded as provided by law, which does not comply with the foregoing provision shall not impart constructive notice of the contents thereof to subsequent purchasers and encumbrancers, but such conveyance is valid as between the parties thereto and those who have notice thereof. **1110.** An instrument purporting to be a grant of real property, to take effect upon condition precedent, passes the estate upon the performance of the condition. **1113.** From the use of the word "grant" in any conveyance by which an estate of inheritance or fee simple is to be passed, the following covenants, and none other, on the part of the grantor for himself and his heirs to the grantee, his heirs, and assigns, are implied, unless restrained by express terms contained in such conveyance: 1. That previous to the time of the execution of such conveyance, the grantor has not conveyed the same estate, or any right, title, or interest therein, to any person other than the grantee; 2. That such estate is at the time of the execution of such conveyance free from incumbrances done, made, or suffered by the grantor, or any person claiming under him. Such covenants may be sued upon in the same manner as if they had been expressly inserted in the conveyance.

| | | | |
|---|---|---|---|
| | | Inconsistent Positions." | |
| 7. | Defendants' Request for Judicial Notice Ex.7: Order (01/18/2012). | Not relevant | Sustained: __ Overruled: __ |
| 8. | Defendants' Request for Judicial Notice Ex.8: Order (03/23/2012). | Not relevant | Sustained: __ Overruled: __ |
| 9. | Defendants' Request for Judicial Notice Ex.9: California Secretary of State STATEMENT AND DESIGNATION BY FOREIGN CORPORATION (Mortgage Electronic Registration Systems, Inc.) (07/21/2010). | Not relevant. | Sustained: __ Overruled: __ |

///
///

## II. DECLARATION OF RIC JUAREZ

| Obj No. | Material Objected To | Opposing Party's Responses | Ruling on Objection |
|---|---|---|---|
| 10. | Entire Juarez Declaration ¶¶ 1-19. | Lack of foundation. No personal knowledge. Impermissible hearsay. Arbitrary. | Sustained: __ Overruled: __ |
| 11. | Juarez Decl. ¶ 1: "… and would testify thereto since these facts are personally known to me to be true." | Lack of foundation. No personal knowledge. Conflicts with Discovery Rqst for Admissions No.'s 4, 7 and 23. Conflicts with Juarez Decl. ¶ 12. | Sustained: __ Overruled: __ |
| 12. | Juarez Decl. ¶ 2: "… the foreclosure trustee & limited signing agent for the beneficiary under the deed of trust." | Lack of foundation. No personal knowledge. Impermissible hearsay. Arbitrary. Conflicts with Discovery Rqst for Admissions No. 4, 9, 10, 11 and 23. Conflicts with Juarez Decl. ¶ 12. | Sustained: __ Overruled: __ |
| 13. | Juarez Decl. ¶ 2: "My duties include familiarizing myself with NDeX's file with respect to this non-judicial foreclosure involving plaintiffs DANIEL MAJOR EDSTROM and TERI ANNE EDSTROM (collectively "Plaintiffs"). I have personally reviewed NDeX's file(s) relating to Plaintiffs, including the non-judicial foreclosure notices, recorded documents & related communications. My experience as an NDeX officer provides the foundation for my knowledge of the events and communications referenced herein." | Lack of foundation. No personal knowledge. Impermissible hearsay. Arbitrary. Conflicts with Discovery Rqst for Admissions No. 4. Conflicts with Juarez Decl. ¶ 12. | Sustained: __ Overruled: __ |

| | | | |
|---|---|---|---|
| 14. | Juarez Decl. ¶ 3:<br>"As an NDeX officer, I know that NDeX maintains the foreclosure documents and related information in secure locations to which only authorized personnel can access. I have personal knowledge of the accuracy of these records as well as the sources of the information referenced herein. The information in these records is entered at or near the time of the act, condition or event referenced therein. This information is input into NDeX's secure computer system by relevant personnel which is then reflected in NDeX's system wide network on a need to know basis. There is no reason to believe that any unauthorized person has had access to this information or that it has been altered in any way." | Lack of foundation. No personal knowledge. Impermissible hearsay. Arbitrary. Conflicts with Discovery Rqst for Admissions No. 4, 10, 11, 22 and 23. Conflicts with Juarez Decl. ¶ 12. | Sustained: __<br>Overruled: __ |
| 15. | Juarez Decl. ¶¶ 4-7:<br>"4. NDeX was never Plaintiff's loan servicer."<br>"5. NDeX does not report Plaintiffs' default and non-judicial foreclosure to credit reporting agencies."<br>"6. NDeX was never Plaintiffs' loan broker."<br>"7. NDeX was not involved in Plaintiffs' loan origination. It never promised Plaintiffs that it would 'work[] for the benefit of Plaintiffs and in their particular best" (sic.)'" | Lack of foundation. No personal knowledge. Impermissible hearsay. Conflicts with Discovery Prod. Of Docs bates stamped pages 1001 ¶¶ 1, 3, 4, 6 and 7; 1002 ¶¶ A, B, C, D, F, G, H; 1038, 1039, 1040, 1052, 1054/1056 (¶¶ 1, 2, 3, 4, 5), 1062 (¶¶ 1, 2), 1063 (¶¶ 1, 3, 4, & 6) 1065/1066/1067, 1082/1083, 1124-1127, 1125-1127, 1129, 1139-1140 (¶ starting with "THE BENEFICIAL ...", 1209, 1222, 1243-1244, 1250, 1356-1361, 1369-1370, 1377-1378, 1383, 1460-1466; Conflicts with Juarez Decl. ¶¶ 1-3. | Sustained: __<br>Overruled: __ |

| | | | |
|---|---|---|---|
| 16. | Juarez Decl. ¶ 8:<br>"NDeX received Plaintiffs' foreclosure referral in December 2008. The referral information included the deed of trust, reinstatement amount, Plaintiffs' addresses and instructions. It did not include receipt of the Plaintiffs' underlying loan origination file and loan origination documentation." | Lack of foundation. No personal knowledge. Impermissible hearsay. Arbitrary. Conflicts with Discovery: Answer to Admissions No.'s 11 and 23. Conflicts with the Notice of Default (RFJN Ex. No. 2 ¶ starting with "That by reason thereof ..."). Conflicts with Discovery Rqst for Admissions No.'s 4, 5, 6, 7, 9, 10, 11, 12, 13, 20, 21, 22 and 23. Conflicts with Discovery: Prod. Of Docs bates stamped document 1066 ¶ stating "That by reason thereof, ... and has deposited with said agent such deed of trust and all documents evidencing obligations secured thereby, ..." | Sustained: __<br>Overruled: __ |
| 17. | Juarez Decl. ¶ 9:<br>"If there was fraud involved in Plaintiffs' loan transaction, NDeX had no way of determining it because NDeX was not provided loan origination documentation to conduct the non-judicial foreclosure." | Lack of foundation. No personal knowledge. Impermissible hearsay. Conflicts with Discovery: Prod. Of Docs bates stamped document 1066 ¶ stating "That by reason thereof, ... and has deposited with said agent such deed of trust and all documents evidencing obligations secured thereby, ..." | Sustained: __<br>Overruled: __ |
| 18. | Juarez Decl. ¶ 12:<br>"NDeX has never entered into any contract with Plaintiffs." | Lack of foundation. No personal knowledge. Impermissible hearsay. Conflicts with Juarez Decl. ¶ 12. | Sustained: __<br>Overruled: __ |

-8-
PLAINTIFFS EVIDENTIARY OBJECTIONS TO DEFENDANTS DECLARATION & REQUEST
FOR JUDICIAL NOTICE ISO DEFFENDANTS MOTION FOR SUMMARY JUDGMENT

| # | | | |
|---|---|---|---|
| 19. | Juarez Decl. ¶ 16: "With respect to Plaintiffs' loan, NDeX acts only as a limited signatory agent to sign & record the Notice of Default and as foreclosure trustee." | Lack of foundation. No personal knowledge. Impermissible hearsay. Arbitrary. | Sustained: __ Overruled: __ |
| 20. | Juarez Decl. ¶ 17: "As trustee, NDeX receives its instructions directly from the loan servicer on whether and how to proceed with foreclosure matters." | Lack of foundation. No personal knowledge. Impermissible hearsay. Arbitrary. Conflicts with Juarez Decl. ¶ 2. Conflicts with Discovery: Rqst for Admissions No.'s 10, 11, 23. | Sustained: __ Overruled: __ |
| 21. | Juarez Decl. ¶ 18: "NDeX cannot decide by itself to foreclose." | Lack of foundation. No personal knowledge. Impermissible hearsay. Arbitrary. Conflicts with Juarez Decl. ¶ 2. Conflicts with Discovery: Rqst for Admissions No.'s 10, 11, 23. Conflicts with NDeX MSJ Memo of P&A's ¶¶ (I. Introduction: "…to delay their inevitable foreclosure…); page 18 section f) MERS Was the Valid Beneficiary & Authorized To Conduct Business in California; and Discovery: Prod. Of Docs Bates Stamp 1101/1102. | Sustained: __ Overruled: __ |

| | | | |
|---|---|---|---|
| 22. | Juarez Decl. ¶ 19: "In conducting Plaintiffs' non-judicial foreclosure, NDeX relies, on good faith, from information provided by the loan servicer." | Lack of foundation. No personal knowledge. Impermissible hearsay. Arbitrary. Conflicts with Juarez Decl. ¶ 2. Conflicts with Discovery: Rqst for Admissions No.'s 10, 11, 23. Conflicts with NDeX MSJ Memo of P&A's ¶¶ (I. Introduction: "…to delay their inevitable foreclosure…); page 18 section f) MERS Was the Valid Beneficiary & Authorized To Conduct Business in California; and Discovery: Prod. Of Docs Bates Stamp 1101/1102. | Sustained: __ Overruled: __ |

Dated this 13th day of March, 2013

　　　　　　　　　　　　　　　/s/ Daniel Edstrom
　　　　　　　　　　　　　　　DANIEL EDSTROM,
　　　　　　　　　　　　　　　Plaintiff and Debtor-in-possession



　　　　　　　　　　　　　　　/s/ Teri Edstrom
　　　　　　　　　　　　　　　TERI EDSTROM,
　　　　　　　　　　　　　　　Plaintiff