25

THOMAS K. AGAWA
State Bar No. 175952
DARLENE C. VIGIL
State Bar No. 223442
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
20955 Pathfinder Road, Suite 300
Diamond Bar, California 91765
Tel: (626) 371-7032
Email: ThomasA@BDFGroup.com
Email: edcaecf@BDFGroup.com
Attorneys for Defendant NDEX WEST, LLC

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| DANIEL MAJOR EDSTROM,<br><br>Debtor, | CASE NO.: 12-29353-B-11<br><br>CHAPTER: 11<br><br>A.P. No. 12-02546-B<br><br>DC NO.: EAT-001 |
| DANIEL MAJOR EDSTROM, an individual, and TERI ANNE EDSTROM, an individual,<br>Plaintiffs,<br>v.<br>NDEX WEST, LLC, a Delaware limited liability company; WELLS FARGO BANK, N.A.; AMERICA'S SERVICING COMPANY, a division of Wells Fargo Home Mortgage; U.S. BANK NATIONAL ASSOCIATION; RESIDENTIAL FUNDING COMPANY LLC; GMAC RESCAP, a wholly owned subsidiary of GMAC Financial Services; GMAC LLC; ALLY BANK fka GMAC Bank; RESIDENTIAL ASSET SECURITIES CORPORATION RASC SERIES 2006-EMX4 TRUST; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS); FIRST PRIORITY FINANCIAL, INC. a California corporation and BRENT STAGG, an Individual; and DOES 1-10,000,<br>Defendants. | **EXHIBITS 10-12 IN SUPPORT OF DEFENDANT NDEX WEST, LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. BANKR. P. 7056, FED. R. CIV. P. 56(b), (d) (1)**<br><br>[Concurrently Filed & Served With: (1 RFJN; (2 Notice, 3) Motion & Points & Authorities; (4 SS, 5) Decl.]<br><br>Hearing:<br>Date: March 19, 2013<br>Time: 9:32 a.m.<br>Ctrm.: 32<br>Hon. Thomas C. Holman<br>501 I Street, 6th Floor, Sacramento, California 95814, Tel.: (916) 930-4473 |

## APPENDIX OF EXHIBITS

| Ex. No. | Description | Page No. |
|---------|-------------|----------|
| **10** | California Superior Court – Tentative Ruling (11/03/2011) [case no. PC20100352]. | 003 |
| **11** | NOTICE OF ENTRY OF JUDGMENT OR ORDER (03/29/2012) [case no. PC20100352]. | 012 |
| **12** | ORDER (09/17/2012) [U.S. Dist. Ct. E.D. Cal. case no. CIV S-10-0105 KJM-CKD]. | 020 |

Dated: April 9, 2013

BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP


By:  s/Darlene C. Vigil
   EDWARD A. TREDER
   THOMAS K. AGAWA
   DARLENE C. VIGIL
   Attorneys for Defendant NDeX WEST, LLC

Law and Motion Calendar – Department Nine                    November 3, 2011

10. DANIEL MAJOR EDSTROM, et al. v. NDEX WEST, LLC, et al.    PC-20100352

    Hearing re:

      1.  Demurrer to 2nd Amended Complaint by Defendants Residential Funding Co., LLC, et al.

      2.  Demurrer to 2nd Amended Complaint by Defendant Wells Fargo Bank.

      3.  Motion to Strike Portions of 2nd Amended Complaint by Defendant Wells Fargo Bank.

      4.  Demurrer to 2nd Amended Complaint by Defendant MERS.

      5.  Demurrer to 2nd Amended Complaint by Defendants 1st Priority Financial, et al.

Demurrer to 2nd Amended Complaint Filed by Defendant Wells Fargo Bank

    On July 15, 2011, defendant Wells Fargo Bank ("WFB") filed a notice of demurrers and demurrers to the 2nd Amended Complaint ("SAC") pursuant to Code of Civil Procedure, § 430.10(e) on the following grounds:

    1.  1st Cause of Action:  Quiet Title and Declaratory Relief.

      Plaintiffs fail to state a claim because: (i) plaintiffs cannot quiet title without tendering the indebtedness; and (ii) the claim is barred by res judicata.

    2.  2nd Cause of Action:  Injunctive Relief.

      Plaintiffs fail to state a claim; because: (i) injunctive relief is a remedy and not a cause of action; and (ii) the claim is barred by res judicata.

    3.  3rd Cause of Action:  Violation of Civil Code Section 2923.6.

      Plaintiffs fail to state a claim because:  (i) there is no cause of action for violation of section 2923.6; and (ii) the claim is barred by res judicata.

    4.  4th Cause of Action:  Fraud.

Plaintiffs fail to state a claim because: (i) plaintiffs fail to plead the required elements; (ii)

plaintiffs fail to plead fraud with the required specificity; and (iii) the claim is barred by res

judicata.

5.   5th Cause of Action:  Declaratory Relief.

Plaintiffs fail to state a claim because:  (i) plaintiffs' claims have ripened into causes of

action and are contained in their other causes of action; and; and (ii) the claim is barred by

res judicata.

6.   6th Cause of Action:  Intentional Misrepresentation.

Plaintiffs fail to state a claim because: (i) plaintiffs fail to plead the required elements; (ii)

plaintiffs fail to plead intentional misrepresentation with the required specificity; and (iii)  the

claim is barred by res judicata.

7.   7th Cause of Action:  Violation of the Fair Debt Collection Practices Act.

Plaintiffs fail to state a claim because:  (i) the foreclosure of a residential mortgage is not

governed by the Fair Debt Collection Practices Act; and (ii) the claim is barred by res

judicata.

8.   8th Cause of Action:  Violation of Business and Professions Code Section 17200.

Plaintiffs fail to state a claim because:  (i) they have failed to plead the elements of the

claim with the required specificity; and (ii) the claim is barred by res judicata.

9.   9th Cause of Action:  Violation of Business and Professions Code  Section 17500.

Plaintiffs fail to state a claim because:  (i) they have failed to plead the elements of the

claim with the required specificity; and (ii) the claim is barred by res judicata.

10.  10th Cause of Action: Violation of Consumer Legal Remedies Act.

Plaintiffs fail to state a claim because:  (i) a residential mortgage is not governed by the

act; and (ii) the claim is barred by res judicata.

11.  11th Cause of Action:  Intentional Misrepresentation Violation of the Federal Securities
     Law.

       Plaintiffs fail to state a claim because:  (i) they fail to plead that they were the victims of
     any securities fraud, that they invested in any securities or that they have standing to
     pursue any securities fraud claim; (ii)  they borrowed money and received the loan
     proceeds; and (iii) the claim is barred by res judicata.

12.  12th Cause of Action:  RICO.

       Plaintiffs fail to state a claim because:  (i) they fail to plead the required elements; and
       (ii) the claim is barred by res judicata.

As requested by defendant WFB, the court takes judicial notice pursuant to Evidence Code, §§
452(c), 452(h) and 453 of Exhibits 1. Through 11. to the moving papers.

   On October 3, 2011, defendant NDEX West, LLC filed a notice of and joinder in co-defendants'
demurrers to plaintiffs' SAC, including the demurrers of WFB.

FACTUAL AND PROCEDURAL HISTORY

   On November 18, 2010, at a prior hearing on defendants' demurrer to the original complaint,
the court issued its tentative ruling, in pertinent part:

"On June 10, 2010 plaintiffs filed a complaint against various defendants asserting 28 causes of
action related to an alleged September 7, 2005 loan transaction wherein plaintiffs allegedly
refinanced their home in the amount of $500,000 and the foreclosure proceedings related to that
loan. The court takes judicial notice that these same plaintiffs filed two other lawsuits against some
of the same defendants on December 14, 2009 (PC-20090773) and on May 24, 2010 (PC-
20100314) related to the exact same alleged loan transaction and foreclosure proceedings. Those
two actions were subsequently removed to the U.S. District Court, Eastern District of California.
The court also take judicial notice of the following: on the same date the instant action was filed, on

24

Law and Motion Calendar – Department Nine                    November 3, 2011

June 10, 2010, plaintiffs voluntarily dismissed without prejudice the action in the U.S. District Court

that had been previously designated case number PC-20100314; on October 18, 2010 the U.S.

District Court, Eastern District of California dismissed removed case number PC-20090773 as it

related to defendants MERS and America's Servicing Company without leave to amend (See

Order – 2010 WL 4069482.); and removed case number PC-20090773 which remains pending

against NDEX West, LLC. "

   On December 9, 2010, plaintiffs filed the 1st Amended Complaint ("FAC") for Emergency

Injunctive and Declaratory Relief, Damages and to Stay Foreclosure Relief and included 18 causes

of action.  Defendants, including WFB, demurred to the FAC which became the subject of the

court's tentative ruling # 18, dated April 21, 2011.  The court adopted the tentative ruling as its

order and sustained defendants Residential Funding Company, LLC, GMAC RESCAP, Allly Bank,

Residential Asset Securities Corp., RASC Series 2006-EMX4 Trust demurrer to all causes of

action of the FAC with ten days leave to amend and found that defendant WFB's demurrer and

motion to strike were mooted by the grant to plaintiff of leave to amend,

   On May 24, 2011, plaintiffs filed the 2nd Amaneded Complaint ("SAC") setting out 12 causes of

in which WFB is identified in the caption as Wells Fargo Bank, N.A.  WFB is listed as a party and is

described as a national banking association (SAC, p. 2, ¶ 3.), "Defendant Ndex West, LLC asserts

it is the 'duly appointed trustee', authorized to conduct the subject foreclosure proceedings,under a

'Substitution of Trustee', executed by **'Wells Fargo Bank, N.A., as attorney in fact for U.S.**

**National Bank Association, as Trustee,'** (Emphasis Added), in which NDEX West, LLC was

purportedly substituted for Mitchell L. Heffernan." (SAC,p. 8, ¶.46.), "Defendants America's

Servicing, **Wells Fargo Bank** (Emphasis Added), and MERS have failed to prove or even take the

position that it is the holder of all rights under the Note, which is the instrument of indebtedness

that would permit the legal holder thereof to declare a default and trigger a foreclosure." (SAC, p.

11, ¶. 71.), "As such, defendants America's Servicing, **Wells Fargo Bank** (Emphasis Added), nor MERS have demonstrated that they have suffered an actual or threatened injury as a consequence of any default, to satisfy the legal prerequisite to prove that they have sufficient personal stake in and legal standing to institute the foreclosure on the property." (SAC, p. 12, ¶. 73), "The substitution of trustee executed by **Wells Fargo Bank** (Emphasis Added) on 1/26/2009 (Exhibit 2 to Exhibit A) was ineffective as of that date as they had no interest as a lender under the Deed of Trust on said date as required by provision 24 to the deed of trust stated above." (SAC, p. 39, ¶. 210), "In April 2011, the Federal Reserve System composed of the Office of the Comptroller of the Currency and the Office of Thrift Supervision issued a report of the Interagency Review of Foreclosure Policies and Practices.  This report includes the Defendants MERS, **Wells Fargo Bank** (Emphasis Added), U.S. Bank and Ally Bank." (The pertinent Consent Order and Stipulation is attached to the SAC as Exhibit D)(SAC, p. 40, ¶¶ 215 and 218) and Exhibit A to the complaint in which **Wells Fargo Bank** (Emphasis Added) is described as "Substitution of Trustee by Wells Fargo Bank, N.A., attorney in fact for U.S. Bank National Association, As Trustee." (SAC, Exhibit A, Substitution of Trustee and assignment timeline and defect analysis.)  All causes of action in the SAC are alleged against all named defendants.

Plaintiffs filed opposition to the demurrer on the grounds that no judgment on the merits has been rendered and that tender of the underlying secured debt is not required.

Res Judicata

WFB argues that plaintiff's federal action was dismissed without leave to amend on October 18, 2010.  (Defendant's RJN, Exhibit 9).  Plaintiffs had previously filed an action against WFB and America relating to the loan, Case No. PC-20090773 in this court ("First Action").  Thereafter, plaintiffs removed the action to Federal Court, Case No. S-10-105 FCD/KJM and filed an amended

26

EX. // 000007

complaint in the Federal action . (Defendant's RJN, Exhibit 8).  In the First Action, the Federal Court granted defendant's motion to dismiss the complaint without leave to amend.

The Federal Court was presented with the facts initiating plaintiffs' loan and the subsequent foreclosure and found that the claims were time barred under the various federal statutes alleged, that equitable tolling was not applicable and that plaintiffs failed to plead sufficient facts and failed to show actual injury or damages.  (Defendant's RJN, Memorandum and Order, Exhibit 9).

"The defense of res judicata, involving identity of the cause of action and the parties, usually requires the pleading of facts in the answer. (See infra, §1053.) But if all of the facts showing that the action is barred are set forth in the complaint, it is subject to general demurrer. (See *Wilson v. Security First Nat. Bank* (1943) 21 C.2d 705, 710, 134 P.2d 800 [dictum]; *Olwell v. Hopkins* (1946) 28 C.2d 147, 152, 168 P.2d 972, infra, §957; Cal. Civil Practice, 1 Procedure, §9:32.) ¶ Thus, if the plaintiff pleads a prior judgment, the court, on general demurrer, may consider it to determine whether it bars the action; in that case it is unnecessary to invoke the doctrine of judicial notice of another judgment. (*Weil v. Barthel* (1955) 45 C.2d 835, 837, 291 P.2d 30; see *Burch v. Hibernia Bank* (1956) 146 C.A.2d 422, 427, 304 P.2d 212.) ¶ In *Legg v. United Benefit Life Ins. Co.* (1960) 182 C.A.2d 573, 580, 6 C.R. 73, plaintiff, to evade the defense of res judicata, made only vague reference to the prior judgment in her complaint. Held, however, this reference, with the aid of judicial notice, sufficiently raised the issue and justified the order sustaining the demurrer. (See *Carroll v. Puritan Leasing Co.* (1978) 77 C.A.3d 481, 485, 143 C.R. 772 [complaint with aid of facts judicially noticed-- prior judgment incorporated by reference].) (On judicial notice of judgment, see 1 Cal. Evidence (3d), §101.)" (5 Witkin, California Procedure (4th ed. 1997) Pleading, § 918, page 377.)

27

Defendant argues that a primary right for res judicata purposes is based upon the harm suffered regardless of the legal theories advances or the remedy sought under the rule in *Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797-798:

"The cause of action [primary right] is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory...advanced.   [Citation omitted.]..."[T]he 'cause of action' is based upon the harm suffered, as opposed to the particular theory asserted by the litigant. [Citations]...Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief. 'Hence a judgment for the defendant is a bar to a subsequet action by the plaintiff based on the same injury to the same right, even though he presents a different legal ground for relief.' [Citations]...When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right. (*Agarwal v. Johnson,* (1979) 25 Cal.3d 932,954.) *id.* at 797-798.

Based upon the foregoing facts and authorities, the court will sustain the demurrers to all causes of action of the SAC.

<u>Tender</u>

Nowhere in the SAC do plaintiffs allege that they have tendered the full amount of the secured obligation.

"...[A]ppellants are required to allege tender of the amount of United's secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure (*FPCI RE-HAB 01 v. E & G Investments, Ltd.* (1989) 207 Cal.App.3d 1018, 1021-1022, 255 Cal.Rptr. 157), and they have failed to do so." (<u>Abdallah v. United Savings Bank</u> (1996) 43 Cal.App.4th 1101, 1109.) "'The doctrine of tender has been correctly summarized in this fashion: 'The rules which govern tenders are strict and are strictly applied, and where the rules are prescribed by statute or rules of court, the tender must be in such form as to comply therewith. The tenderer must do and offer

28

everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction.' " (*Gaffney v. Downey Savings & Loan Assn.* (1988) 200 Cal.App.3d 1154, 1165, 246 Cal.Rptr. 421, italics omitted, quoting 86 C.J.S., Tender, § 27, pp. 570-571. See generally, 4 Miller & Starr, Cal. Real Estate, *supra*, Deeds of Trust and Mortgages, § 10:197, pp. 590-592, fns. omitted.) In other words, with respect to tender, "it is a debtor's responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." (*Gaffney v. Downey Savings & Loan, supra,* 200 Cal.App.3d at p. 1165, 246 Cal.Rptr. 421.) ¶ Similarly, with respect to payment, "the trustor must pay the debt ... according to its terms to protect the property from loss by foreclosure." (4 Miller & Starr, Cal. Real Estate, *supra*, Deeds of Trust and Mortgages, § 10:71, pp. 216-217, fn. omitted.)

    As an independent basis for sustaining the demurrers to the first cause of action (quiet title and declaratory relief) and the second cause of action (injunction), the court finds that plaintiffs' lack of tender is fatal to said causes of action and the demurrers will be sustained.

<u>Leave to Amend</u>

Regardless of whether a request therefore was made, unless the complaint shows on its face that it is incapable of amendment, denial of leave to amend constitutes an abuse of discretion. (*McDonald v. Superior Court* (1986) 180 Cal.App.3d 297, 303-304, 225 Cal.Rptr. 394.) The burden is on the plaintiff to demonstrate how he or she can amend the complaint. It is not up to the judge to figure that out. (*Blank v. Kirwan*, supra, 39 Cal.3d 311, 318, 216 Cal.Rptr. 718, 703 P.2d 58.) Plaintiff can make this showing in the first instance to the appellate court. (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1386, 272 Cal.Rptr. 387.)" (<u>Roman v. County of Los Angeles</u> (2000) 85 Cal.App.4th 316, 322.)

29

Case 12-02546    Filed 04/09/13    Doc 112

In this case, it appears that plaintiffs failed to demonstrate how they can amend the complaint in three attempts so that the court will not grant leave to amend.

TENTATIVE RULING # 10: (2.) DEFENDANT WELLS FARGO BANK'S DEMURRERS TO ALL CAUSES OF ACTION OF THE SECOND AMENDED COMPLAINT ARE SUSTAINED WITHOUT LEAVE TO AMEND. (3.) THE COURT, HAVING RULED ON DEFENDANT'S DEMURRERS, RENDERS THE DEFENDANT'S MOTION TO STRIKE AS MOOT. (1.), (4.) AND (5.) THE DEMURRERS OF DEFENDANT RESIDENTIAL FUNDING CO., DEFENDANT MERS AND DEFENDANT 1ST PRIORITY FINANCIAL ARE CONTINUED TO 8:30 A.M. ON THURSDAY, DECEMBER 15, 2011, IN DEPARTMENT NINE.

NO HEARING ON THIS MATTER WILL BE HELD (LEWIS V. SUPERIOR COURT (1999) 19 CAL.4TH 1232, 1247.), UNLESS A NOTICE OF INTENT TO APPEAR AND REQUEST FOR ORAL ARGUMENT IS TRANSMITTED ELECTRONICALLY THROUGH THE COURT'S WEBSITE OR BY TELEPHONE TO THE COURT AT (530) 621-5867 BY 4:00 P.M. ON THE DAY THE TENTATIVE RULING IS ISSUED. NOTICE TO ALL PARTIES OF AN INTENT TO APPEAR MUST BE MADE BY TELEPHONE OR IN PERSON. PROOF OF SERVICE OF SAID NOTICE MUST BE FILED PRIOR TO OR AT THE HEARING. MATTERS IN WHICH THE PARTIES' TOTAL TIME ESTIMATE FOR ARGUMENT IS 15 MINUTES OR LESS WILL BE HEARD ON THE LAW AND MOTION CALENDAR AT 8:30 A.M. ON THURSDAY, NOVEMBER 3, 2011, IN DEPARTMENT NINE UNLESS OTHERWISE NOTIFIED BY THE COURT. ALL OTHER LONG CAUSE ORAL ARGUMENT REQUESTS WILL BE SET FOR HEARING WITHIN TEN COURT DAYS OF THE ISSUANCE OF THE TENTATIVE RULING. (EL DORADO COUNTY SUPERIOR COURT LOCAL RULES, RULE 7.10.05, et seq.)

EX. 11    000011



2008010401411
AIC                    **CIV-130**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kenneth A. Franklin          143809<br>Anglin, Flewelling, Rasmussen, et al.<br>199 S. Los Robles Avenue, Suite 600<br>Pasadena, CA  91101<br>TELEPHONE NO.:626.535.1900    FAX NO. *(Optional):*626.577.7764<br>E-MAIL ADDRESS *(Optional):*  kfranklin@afrct.com<br>ATTORNEY FOR *(Name):*  Wells Fargo Bank, N.A. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   EL DORADO
STREET ADDRESS:   3321 Cameron Park Drive
MAILING ADDRESS:
CITY AND ZIP CODE:   Cameron Park, CA  95682
BRANCH NAME:   Cameron Park

PLAINTIFF/PETITIONER:  Daniel and Teri Edstrom

DEFENDANT/RESPONDENT:   NDeX West, LLC, et al.

| NOTICE OF ENTRY OF JUDGMENT<br>OR ORDER | CASE NUMBER:<br>PC20100352 |
|---|---|
| *(Check one):* [X] UNLIMITED CASE<br>(Amount demanded<br>exceeded $25,000)    [ ] LIMITED CASE<br>(Amount demanded was<br>$25,000 or less) | |

**TO ALL PARTIES:**

1. A judgment, decree, or order was entered in this action on *(date):*    3/23/2012

2. A copy of the judgment, decree, or order is attached to this notice.

Date: 3/29/2012

Kenneth A. Franklin
(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

▶ _____
(SIGNATURE)

Form Approved for Optional Use<br>Judicial Council of California<br>CIV-130 [New January 1, 2010]

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

www.courtinfo.ca.gov


Martin Dean's
ESSENTIAL FORMS™

WELLS FARGO BANK, N.A.
EX. 12   000012

# EXHIBIT 1

# EXHIBIT 1

EL DORADO CO. SUPERIOR CT.

FILED  MAR 2 3 2012

BY _A.Cottingham_
Deputy

1   Christopher A. Carr (# 44444)
      ccarr@afrct.com
2   Kenneth A. Franklin (# 143809)
      kfranklin@afrct.com
3   ANGLIN, FLEWELLING, RASMUSSEN,
      CAMPBELL & TRYTTEN LLP
4   199 South Los Robles Avenue, Suite 600
    Pasadena, California 91101-2459
5   Telephone: (626) 535-1900
    Facsimile: (626) 577-7764
6
7   Attorneys for Defendant
    Wells Fargo Bank, N.A. and America's
    Servicing Company, a division of Wells Fargo
8   Bank, N.A. ("Wells Fargo")
9
10              SUPERIOR COURT OF THE STATE OF CALIFORNIA
11                    FOR THE COUNTY OF EL DORADO
12
13  DANIEL MAJOR EDSTROM, an individual;      Case No.: PC 20100352
    and TERI ANNE EDSTROM, an individual,
14                                            ASSIGNED FOR ALL PURPOSES TO:
              Plaintiffs,                     JUDGE NELSON K. BROOKS
15                                            DEPARTMENT 9
16  v.                                        [PROPOSED] JUDGMENT
17  NDEX WEST, LLC, a Delaware limited
    liability company; WELLS FARGO BANK,
18  N.A.; AMERICA'S SERVICING
    COMPANY, a division of Wells Fargo Home
19  Mortgage; U.S. BANK NATIONAL
    ASSOCIATION; RESIDENTIAL FUNDING
20  COMPANY LLC; GMAC RESCAP, a wholly
    owned subsidiary of GMAC Financial
21  Services; GMAC LLC; ALLY BANK fka
    GMAC Bank; RESIDENTIAL ASSET
22  SECURITIES CORPORATION; RASC
    SERIES 2006-emx4 TRUST; MORTGAGE
23  ELECTRONIC REGISTRATION SYSTEMS
    (MERS); FIRST PRIORITY FINANCIAL,
24  INC., a California corporation; and BRENT
    STAGG, an individual; and DOES 1-10,000,
25
              Defendants.
26
27         On December 2, 2011, this Court sustained the demurrers to second amended complaint
28  filed by Defendants Wells Fargo Bank, N.A. and America's Servicing Company, a division of

3679/000026/00285941-1                          1
PROPOSED JUDGMENT OF DISMISSAL OF DEFENDANT WELLS FARGO WITH PREJUDICE

EX. 12    000014

Wells Fargo Bank, N.A. ("Wells Fargo") and joined in by Defendant NDeX West, LLC.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    Defendant Wells Fargo Bank, N.A., Defendant America's Servicing Company, a division of Wells Fargo Bank, N.A., and Defendant NDeX West, LLC ("Defendants") are dismissed from the action with prejudice;

2.    Judgment is entered in favor of Defendants and against plaintiffs; and

3.    Plaintiffs shall take and recover nothing from Defendants in this action.

4.    Defendants may file a Memorandum of Costs and a Motion for Attorneys' Fees as provided by statute.

DATED: 3/29/12                                By: _____

Judge of the Superior Court

**NELSON KEITH BROOKS**

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

3679/000026/00285941-1

2

PROPOSED JUDGMENT OF DISMISSAL OF DEFENDANT WELLS FARGO WITH PREJUDICE

EX. 12    000015

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**PROOF OF SERVICE**

1

2 STATE OF CALIFORNIA   )
                        ) ss.

3 COUNTY OF LOS ANGELES  )

4     I am employed in the County of Los Angeles, State of California. I am over the age of 18
years and not a party to the within action. My business address is 199 South Los Robles Avenue,

5 Suite 600, Pasadena, CA 91101.

6     On the date below, I served the foregoing document(s) described as:

7                    **[PROPOSED] JUDGMENT**

8 on the interested parties in this action by placing a true and correct copy enclosed in a sealed
envelope as follows:

9

10              **SEE ATTACHED SERVICE LIST**

11 ☒    **BY MAIL:** I am readily familiar with the firm's practice of collection and processing
correspondence by mailing. Under that same practice it would be deposited with U.S.

12    Postal Service on that same day with postage fully prepaid at Pasadena, California in the
ordinary course of business. I am aware that on motion of the party served, service is

13    presumed invalid if postal cancellation date or postage meter date is more than one day
after date of deposit for mailing in affidavit.

14

15     I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

16     Executed on January 17, 2012, in Pasadena, California.

17

18    Corina Aguilar
     (Type or Print Name)                (Signature of Declarant)

19

20

21

22

23

24

25

26

27

28

3679/00002G/00285941-1

PROOF OF SERVICE

EX. 12    000016

# SERVICE LIST

*Daniel Major Edstrom vs. NDexWest, LLC, et al.*
*El Dorado County Superior Court Case No. PC20100352*

| | |
|---|---|
| Richard A. Hall, Esq.<br>BOTTOMLINE LAWYERS<br>985 Lincoln Way, suite 206<br>Auburn, CA 95603 | Attorney for Plaintiff<br>Tel: 530-888-7100<br>Fax: 866-305-1238 |
| Randy Sullivan, Esq.<br>PATTON MARTIN & SULLIVAN<br>6600 Koll Center Parkway, Suite 250<br>Pleasanton, CA 94566-8058 | Attorneys for Defendants, First Priority<br>Financial, Inc., and Brent Stagg<br>Tel: 925-600-1800<br>Fax: 925-600-1802 |
| John B. Sullivan, Esq.<br>Edward R. Buell, Esq.<br>Raymond H. Cho, Esq.<br>SEVERSON & WERSON<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br><br>Attn: Joe Patry<br>1818 Library Street, Ste. 300<br>Reston, VA 20190 | Attorneys for Defendants Residential<br>Funding Company, LLC; residential<br>Capital, LLC (erroneously sued as GMAC<br>RESCAP); Ally Financial Inc. (erroneously<br>sued as GMAC, LLC); Ally Bank;<br>Residential Asset Securities Corporation;<br>RASC Series 2006-EMX4 Trust<br>Tel: 415-398-3344<br>Fax: 415-956-0439<br><br>Fax: 703-748-0183 |
| Edward A. Treder, Esq.<br>BARRETT DAFIN FRAPPIER, ET<br>AL.<br>20955 Pathfinder Road, Ste. 300<br>Diamond Bar, CA 91765 | Attorneys for Defendant NDEX West LLC<br><br>Fax: 626-915-0289 |
| Attn: Kati Cheney<br>800 Nicollet Mall #2100<br>Minneapolis, MN 55402 | Attorneys for Defendant U.S. Bank<br>National Association<br><br>Fax: 612-303-4830 |
| Jeremy S. Gladstone, Esq.<br>MORGAN, LEWIS & BOCKIUS<br>LLP<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1126 | Attorneys for Defendant Mortgage<br>Electronic Registrations Systems, Inc.<br>Tel: 415-442-1000<br>Fax: 415-442-1001 |

3679/000026/00285941-1

PROOF OF SERVICE

EX. 12  000017

CIV-130

| PLAINTIFF/PETITIONER: Daniel and Teri Edstrom | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: NDeX West, LLC, et al. | PC20100352 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF ENTRY OF JUDGMENT OR ORDER

*(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*
   Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP
   199 S. Los Robles Ave., Ste. 600
   Pasadena, CA 91101-2459

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☒ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:

   a. on *(date):*

   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

   a. Name of person served:
      Richard A. Hall, Esq.
      Street address: 985 Lincoln Wy., Ste 206
      City: Auburn
      State and zip code: CA 95603

   b. Name of person served:
      John B. Sullivan, Esq.
      Street address: 1 Embarcadero Ctr #2600
      City: San Francisco
      State and zip code: CA 94111

   c. Name of person served:
      Randy Sullivan, Esq.
      Street address: 6600 Koll Ctr Pkwy #250
      City: Pleasonton
      State and zip code: CA 94566-8058

   d. Name of person served:
      Joe Patry
      Street address: 1818 Library St #300
      City: Reston
      State and zip code: VA 20190

   ☒ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached 1

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 3/29/2012

Leslie Coumans                                    ▶
_____                  _____
(TYPE OR PRINT NAME OF DECLARANT)                 (SIGNATURE OF DECLARANT)

Page 2 of 2

CIV-130 [New January 1, 2010]                **NOTICE OF ENTRY OF JUDGMENT OR ORDER**


MartinDean's
ESSENTIAL FORMS™

POS-030(P)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Edstrom vs. NDeX, et al. | PC20100352 |

## ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL - CIVIL (PERSONS SERVED)
### (This Attachment is for use with form POS-030)

NAME AND ADDRESS OF EACH PERSON SERVED BY MAIL:

| Name of Person Served | Address (number, street, city, and zip code) |
|---|---|
| Edward A. Treder, Esq. | Barrett Daffin, Frappier, Treder & Weiss, LLP<br>20955 Pathfinder Rd., Ste. 300<br>Diamond Bar, CA  91765 |
| Kati Cheney | 800 Nicollet Mall # 2100<br>Minneapolis, MN  55402 |
| Jeremy S. Gladstone, Esq. | Morgan, Lewis & Bockius, LLP<br>One Market, Spear Street Tower<br>San Francisco, CA  94105-1126 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

Form Approved for Optional Use
Judicial Council of California
(POS-030(P)) [New January 1, 2005]

Martin Dean's
Essential Forms™

**ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS**
**MAIL-CIVIL (PERSONS SERVED)**
**(Proof of Service)**

Page 3 of 3

WELLS FARGO BANK, N.A.
EX. 13    000019

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANIEL MAJOR EDSTROM; et al.,

          Plaintiffs,                    No. CIV S-10-0105 KJM-CKD

        vs.

NDEX WEST, LLC,                <u>ORDER</u>

          Defendant.

_____/

        This matter comes before the court on plaintiffs' request for dismissal of the above-captioned action without prejudice in accordance with Federal Rule of Civil Procedure 41(a)(2). The court has decided this matter without a hearing. For the following reasons, plaintiffs' request is granted.

I.  <u>PROCEDURAL BACKGROUND</u>

        Plaintiffs filed their complaint in El Dorado County Superior Court on December 14, 2009. (Not. of Removal at 4, ECF 1.) Defendant America's Servicing Company removed the matter to this court on January 13, 2010, citing federal question jurisdiction. (*Id.* at 2, ¶ 4.) Plaintiffs filed a first amended complaint on June 8, 2010. (ECF 15.) Defendants America's

1

1  Servicing Company and Mortgage Electronic Registration Systems, Inc. filed a motion to

2  dismiss for failure to state a claim on July 9, 2010 (ECF 23), which was granted on October 18,

3  2010 (ECF 40).  Plaintiffs filed a motion for leave to amend on September 24, 2010 (ECF 27)

4  and their proposed second amended complaint on September 30, 2010 (ECF 33).[1]  Although the

5  second amended complaint did not become the operative complaint until the then-assigned

6  district judge granted plaintiffs' motion to amend on November 23, 2010 (ECF 45), defendant

7  NDEX West, LLC filed an answer thereto on October 6, 2010 (ECF 38).  On August 15, 2011,

8  plaintiffs filed a defective notice of voluntary dismissal (ECF 53); plaintiffs were notified their

9  notice was defective and stricken by minute order on August 18, 2011 (ECF 56).  Defendant

10  filed a motion for summary judgment on May 30, 2012 (ECF 58), which the court set to be heard

11  on August 24, 2012 (ECF 61).  Although an opposition or statement of non-opposition must have

12  been filed by August 10, 2012, Local Rule 230(c), no opposition or statement of non-opposition

13  has been filed.

14         Plaintiffs filed the present request for dismissal on July 6, 2012, (ECF 60), which

15  the court set to be heard on August 10, 2012 (ECF 61).  Defendant filed its opposition on July

16  27, 2012.  (ECF 62.)  Plaintiff has not filed a reply.

17  II.  ANALYSIS

18         Plaintiffs request that the court dismiss the above-captioned matter without

19  prejudice in accordance with Federal Rule of Civil Procedure 41(a)(2).  (Request, ECF 60-1.)

20  Plaintiffs contend their intent since filing their notice of voluntary dismissal on August 15, 2011

21  has been to dismiss this case and that plaintiffs have "relieved this counsel of all duties related to

22

23     [1] Counsel stipulated, on the same day the motion to amend was filed, to allow plaintiffs
    additional time to file their second amended complaint as a delayed attachment to their motion to
24  amend.  (ECF 28.)  The court notes that the then-assigned district judge did not adopt parties'
    stipulation, and did not grant plaintiffs additional time to file the proposed second amended
    complaint.

2

1    this case and any other case they may have and have given counsel instruction to dismiss this

2    case."[2]  (ECF 60-1 at 1-2.)  Plaintiffs further contend they have unsuccessfully sought a

3    stipulation as to dismissal.  (*Id.* at 2.)  Plaintiffs apparently maintain that dismissal without

4    prejudice is appropriate because "[z]ero evidence is before the court for purposes of determining

5    a final judgment in the matter."  (*Id.*)

6            Defendant, which, as previously stated, filed a motion for summary judgment

7    prior to plaintiffs' filing of the present request, opposes plaintiffs' request.  (ECF 62.)  It

8    contends it has already started trial preparation and filed a motion for summary judgment,

9    plaintiffs have shown a lack of diligence and have not stated sufficient reasons for dismissal

10   without prejudice, and "[t]his is the third stop-the-foreclosure action filed by Plaintiffs and their

11   lawyer, Richard Alan Hall, who have engaged in a pattern of filing frivolous complaints,

12   dismissing them, only to re-file disparate actions in the Superior Court of California for the sole

13   purpose of delaying foreclosure and to interfere with disposition of the underlying property."

14   (*Id.* at 1.)  If the court is inclined to grant plaintiffs' request, defendant requests that the court

15   dismiss this matter with prejudice.  (*Id.*)

16           Rule 41(a)(2) states: "[A]n action may be dismissed at the plaintiff's request only

17   by a court order, on terms the court considers proper. . . . Unless the order states otherwise, a

18   dismissal under this paragraph . . . is without prejudice."  "When ruling on a motion to dismiss

19   without prejudice [in accordance with Federal Rule of Civil Procedure 41(a)(2)], the district

20   court must determine whether the defendant will suffer some plain legal prejudice as a result of

21

22

23

24
_____
[2] Counsel did not file a notice of termination.

EX.   13   000022

1   the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).[3] Legal

2   prejudice is "prejudice to some interest, some legal claim, some legal argument." *Id.* at 97.

3   Cases considering legal prejudice "focus on the rights and defenses available to a defendant in

4   future litigation." *Id.* The Ninth Circuit has held that "'uncertainty because a dispute remains

5   unresolved' or because 'the threat of future litigation . . . causes uncertainty' does not result in

6   plain legal prejudice. [citation] Also, plain legal prejudice does not result merely because the

7   defendant will be inconvenienced by having to defend in another forum or where a plaintiff

8   would gain a tactical advantage by that dismissal." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir.

9   2001) (citations omitted). The fact that "a defendant has begun trial preparations" is also not

10   plain legal prejudice. *Anderson v. Asset Acceptance, LLC*, No. C 09-2970 MEJ, 2010 U.S. Dist.

11   LEXIS 50975, at *9 (N.D. Cal. Apr. 29, 2010) (citing *Hamilton v. Firestone Tire & Rubber Co.*,

12   679 F.2d 143, 145 (9th Cir. 1982)). "If a notice of summary judgment has been filed, the court

13   can grant a dismissal at its discretion." *Terrovona*, 852 F.2d at 429. "A district court may

14   consider whether the plaintiff is requesting a voluntary dismissal only to avoid a near-certain

15

---

16      [3] The standard articulated by defendant is, for the most part, not applicable here. The

17   court notes that at least two other courts in this district have stated "'factors to consider in determining legal prejudice are (1) The defendant's effort and expense involved in preparing for trial; (2) Excessive delay and lack of diligence on the part of the plaintiff in prosecuting the

18   action; (3) Insufficient explanation for the need to take a dismissal; and (4) The fact that summary judgment has been filed by the defendant.'" *J&J Sports Prods. v. Morales*,

19   No. 1:10-cv-01694-AWI-GSA, 2012 U.S. Dist. LEXIS 44179, at *4 (E.D. Cal. Mar. 29, 2012) (quoting *U.S. v. Berg*, 190 F.R.D. 539, 543 (E.D. Cal. 1999) (citing *Paulucci v. City of Duluth*,

20   826 F.2d 780, 783 (8th Cir. 1987))). However, the Ninth Circuit made clear in *Westlands Water District* that district courts are to primarily consider whether the defendant will suffer "some plain legal prejudice" and reiterated that "the expense incurred in defending against a lawsuit

21   does not amount to legal prejudice." *Westlands Water Dist.*, 100 F.3d at 96-98. Moreover, there is no requirement in this Circuit that a plaintiff explain its reasons for seeking dismissal; rather, it

22   is the defendant's burden to show that it will suffer plain legal prejudice in opposing a plaintiff's voluntary dismissal. *See WPP Lux. Gamma Three Sari v. Spot Runner, Inc.*, 655 F.3d 1039,

23   1059 n.6 (9th Cir. 2011). The court does consider whether plaintiffs "were dilatory in prosecuting the case and seeking a dismissal," *Westlands Water Dist.*, 100 F.3d at 97, and that

24   defendant has filed a motion for summary judgment, *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988).

EX. *13*  000023

1   adverse ruling." *Maxum Indem. Ins. Co. v. A-1 All Am. Roofing Co.*, 299 Fed. Appx. 664, 666

2   (9th Cir. Nov. 3, 2008) (citing *Terrovona*, 424 F.2d at 429)).

3          Here, defendant has failed to show it will suffer "plain legal prejudice" as a result

4   of dismissal. The fact that a voluntary dismissal will moot defendant's motion for summary

5   judgment in itself is not legal prejudice. *See Terrovona*, 852 F.2d at 429 (finding district court

6   did not abuse its discretion in denying petitioner's request for dismissal without prejudice where

7   magistrate judge had already issued report and recommendations on defendant's motion for

8   summary judgment); *Helio, LLC v. Palm, Inc.*, No. C 06-7754, 2007 U.S. Dist. LEXIS 29422, at

9   *5-6 (N.D. Cal. Apr. 9, 2007) (voluntary dismissal inappropriate where "the sole reason for the

10  plaintiff's request for dismissal is apprehension regarding a possible adverse ruling on a pending

11  . . . dispositive motion").  Although plaintiffs have failed to file an opposition to defendant's

12  motion for summary judgment, there is no indication that plaintiffs are seeking dismissal at this

13  stage in the litigation in order to avoid an adverse ruling; on the contrary, it is clear that plaintiffs

14  sought to dismiss this matter over one year ago and apparently were under the mistaken

15  impression that this matter had indeed been dismissed.  (ECF 53; Agawa Decl. ¶ 5, Ex. 1, ECF

16  62-1.)  The court does not hold the mistakes of plaintiffs' counsel, whom plaintiffs have since

17  terminated, against plaintiffs.[4]

18         It is within the court's discretion whether to grant a request for voluntary

19  dismissal with or without prejudice. *See Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002);

20  *Diamond State Ins. Co. v. Genesis Ins. Co.*, 379 Fed. Appx. 671, 672-73 (9th Cir. May 19, 2010).

21  As defendant has failed to show it will suffer plain legal prejudice, plaintiffs' request for

22  voluntary dismissal without prejudice is granted.

23  /////

24  _____

      [4] For these reasons, the court finds that plaintiffs' late filing of this request for voluntary
      dismissal was not dilatory.

EX. 13   000024

1    III.    <u>CONCLUSION</u>

2            For the foregoing reasons, plaintiffs' request is granted and this matter is

3    dismissed without prejudice.  Defendant's motion for summary judgment (ECF 58) is denied as

4    moot and the hearing on said motion is vacated.  This case is closed.

5            IT IS SO ORDERED.

6    DATED:  September 14, 2012.

7

8                                        _____
                                         UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

EX. 13    000025