# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Adversary Title :** | Edstrom et al v. NDEX West, LLC et al | **Case No :** | 12–29353 – B – 11 |
| | | **Adv No :** | 12–02546 – B |
| | | **Date :** | 4/30/13 |
| | | **Time :** | 9:32 a.m. |
| **Matter :** | [31] – Motion/Application For Summary Judgment [EAT–1] Filed by Defendant NDEX West, LLC (lars) | | |
| **Judge :** | Thomas Holman | | |
| **Courtroom Deputy :** | Jennifer Tillery | | |
| **Reporter :** | Diamond Reporters | | |
| **Department :** | B | | |

**APPEARANCES for :**
**Movant(s) :**
(by phone)   Defendant's Attorney – Thomas Agawa
**Respondent(s) :**
   Plaintiff – Daniel Major Edstrom
   Teri Edstrom

Disposition After Oral Argument (formerly Tentative Ruling): This matter continued from April 16, 2013, to allow the plaintiffs to verify the entry of a judgment in the record of this removed action in the El Dorado County Superior Court. The plaintiffs timely filed a status report on April 23, 2013. The court now issues the following Disposition After Oral Argument (formerly Tentative Ruling).

The motion is dismissed.

The motion is moot. On April 9, 2013, NDEX West, LLC ("NDEX") filed a judgment (the "Judgment")(Dkt. 112 at 14) entered in El Dorado County Superior Court case number PC 20100352 on March 23, 2012, more than five months before the same action would be removed to this court, said removal commencing the instant adversary proceeding. Pursuant to the Judgment, Wells Fargo Bank, N.A., America's Servicing Company and NDEX (referred to collectively in the Judgment and in this ruling as the "Defendants") were dismissed from the action with prejudice and judgment was entered in favor of the Defendants that the plaintiffs take and recover nothing from the Defendants.

"In general, the federal court takes the case on removal exactly as the case stood in state court. . . . [S]tate court rulings . . . remain in effect until modified or supplanted by the federal court." Moore's Federal Practice – Civil § 107.31[3]; see also Preaseau v. Prudential Ins. Co. of Am., 591 F.2d 74, 78–79 (9th Cir. 1979) (state law and motion rulings remain in effect; federal court has same authority to reconsider interlocutory proceedings as state court). NDEX already has the relief it seeks by this motion.

In the interim period since April 16, 2013, the plaintiffs examined the record of this removed action in the El Dorado County Superior Court and determined that the Judgment was in fact entered in the record of the case. Nevertheless, the plaintiffs argue that the Judgment is merely a "proposed judgment" without the force or effect of an "actual judgment." This contention appears to be based on the fact that even though the Judgment is signed by the El Dorado County Superior Court and was entered in the record of the case, the title of the Judgment states "[Proposed] Judgment." However, the plaintiffs have not cited any authority

for the proposition that the mere appearance of the word "proposed" in brackets in the title of the judgment prevents it from becoming final even after it has been signed and entered, and the court is aware of no such authority. The court takes judicial notice pursuant to Federal Rule of Evidence 201(b)(1) of the fact that litigants commonly include "[Proposed]" on forms orders and judgments submitted for the court's consideration.

The plaintiffs also argue that the Judgment is not effective because neither they nor their former counsel approved it as to form, which they assert is a "requirement of the El Dorado County Superior Court." The plaintiffs cite no rule for this alleged requirement. The court's research of both the Local Rules of the El Dorado County Superior Court and the California Rules of Court yielded no rule which sets for that requirement. California Rule of Court 3.1312 requires that the prevailing party on a noticed motion prepare a proposed order and serve it on the other party within a certain amount of time after the ruling on the motion. The other party then has five days to notify the prevailing party of approval or disapproval of the order, and the reasons why it is disapproved. Failure to notify the prevailing party within five days is deemed an acceptance, after which the prevailing part must submit the proposed order to the court. Cal. Rules of Court 3.1312(a), (b). There is no evidence that the foregoing procedures were not followed in this case.

The plaintiffs also argue that the Judgment is not effective because it is a judgment and not "an order after hearing or dismissal, as per court policy (El Dorado County Superior Court policy) a judgment will not be accepted." Again, the plaintiffs have not cited any local rule of the El Dorado County Superior Court which supports their argument, and the court is aware of none. The Judgment, although it is titled as a judgment, also orders the dismissal of the Defendants from this action. The plaintiffs place inordinate importance on the form of the Judgment as opposed to its substance. In substance the Judgment is exactly what the plaintiffs contend is required: an order of dismissal after a hearing on a demurrer.

The plaintiffs should be aware that even though they are pro se, Fed. R. Bankr. P. 9011, including Rule 9011(b)(2)'s requirement that the legal contentions contained in their pleadings are warranted by existing law, applies to them and subjects them to the same standards as an attorney. Bus. Guides v. Chromatic Commc'ns Ent., 498 U.S. 533 (1991)(interpreting Civil Rule 11, which is substantially similar to Rule 9011). Under Rule 9011(c), if the bankruptcy court determines that an attorney or pro se party has filed a frivolous paper or has filed a paper for an improper purpose as set forth under Rule 9011(b)(1) or (b)(2), it may impose an appropriate sanction. In re Brooks Hamilton, 400 B.R. 238, 249 (9th Cir.BAP 2009).

The court will issue a minute order dismissing this motion as moot. As it now appears to the court that all named defendants were dismissed from this action before the plaintiffs removed it to this court, the court will also issue a separate order to show cause (the "OSC") requiring the plaintiffs or any party to show cause why this action should not be remanded to state court for any further proceedings and closure. The OSC will also require the plaintiffs or any other party to show cause why this action should not be remanded based on their failure to comply with the court's earlier Order to Show Cause Re Remand entered on November 8, 2012 (the "November 8, 2012 OSC")(Dkt. 11), which required the plaintiffs to comply with Fed. R. Bankr. P. 9027(a)(1) by filing a copy of all process and pleadings in this action from its commencement in state court until the time of removal. As the Judgment was not included in the documents that the plaintiffs did file in response to the November 8, 2012 OSC, it appears that they failed to comply with the November 8, 2012 OSC.

The court will issue a minute order.