

FILED

MAY -1 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

DANIEL MAJOR EDSTROM,

    Debtor.
_____

DANIEL MAJOR EDSTROM, et al.,

    Plaintiffs,

vs.

NDEX WEST, LLC, et al.,

    Defendants.
_____

Bankr. Case 12-29353-B-11

Chapter 11

Adv. No. 12-2546-B

Date: June 4, 2013
Time: 9:30 a.m.
Place: Courtroom 32
      Sixth Floor
      U.S. Courthouse
      501 I Street
      Sacramento, CA 95814

ORDER TO SHOW CAUSE RE: REMAND

    The debtor commenced the above-captioned chapter 11 case by the filing of a voluntary petition on May 15, 2012 (the "Bankruptcy Case"). August 31, 2012, the debtor and his wife, Teri Edstrom, caused the above-captioned adversary proceeding to be commenced by the filing of a notice of removal of El Dorado County Superior Court case number PC 20100352 (the "State Court Action"). The State Court Action was commenced on June 10, 2010. The Edstroms named several financial institutions as defendants in the State Court Action, seeking injunctive relief and damages related to allegedly unlawful nonjudicial foreclosure proceedings. Following the removal of the State Court Action to

this court, the Edstroms represented to the court that the only remaining defendant in the action was NDEX West, LLC ("NDEX"), the other defendants having been dismissed prior to removal. At a hearing on March 19, 2013, on NDEX's motion for summary judgment filed under docket control number EAT-1 (the "MSJ"), counsel for NDEX also represented that NDEX was the only remaining defendant.

On November 8, 2012, the court issued a Scheduling Order (Dkt. 10), based on a joint status conference statement and discovery plan submitted by the Edstroms and NDEX.

On November 8, 2012, the court issued an Order to Show Cause re: Remand (the "November 8, 2012 OSC") (Dkt. 11), requiring the Edstroms to show cause why the action should not be remanded to state court based on their failure to comply with Fed. R. Bankr. P. 9027(a)(1) by filing a copy of all process and pleadings in the State Court Action with the notice of removal, as the exhibits accompanying the notice of removal began with the second amended complaint filed May 24, 2011. The court conditionally discharged the November 8, 2012, OSC by order entered December 13, 20212 (Dkt. 13), requiring the Edstroms to file all missing documents from the State Court Action on or before December 14, 2012.

On December 14, 2012, the Edstroms filed several hundred pages of documents from the State Court Action at docket entries no. 15-26 and 28, without an accompanying table of contents or docket summary.

On February 13, 2013, NDEX filed the MSJ, setting the motion for hearing on March 19, 2013. On February 19, 2013, the

Edstroms filed an application for an extension of time to respond to the MSJ, alleging that as pro se litigants they needed additional time to respond to the MSJ. The court denied the application for extension of time by order entered March 8, 2013, but stated in the order that requests for additional time could be made in connection with the Edstroms' opposition to the MSJ. The Edstroms filed opposition to the MSJ on a continual basis between March 4, 2013, and March 18, 2013, spanning the vast majority of docket entries 41-82 in the action.

At the initial hearing on the MSJ on March 19, 2013, the court continued the MSJ to April 16, 2013. The court instructed the Edstroms at the hearing to refile their opposition papers on or before April 2, 2013, and to consolidate their opposition into a single document that set forth all of their arguments in opposition to the MSJ in one place. The court extended NDEX's deadline to file and serve a reply in support of the motion to April 9, 2013.

On April 2, 2013, the Edstroms filed numerous documents with the court at docket entries 87-109, comprising over 2,000 pages of material. The Edstroms filed, <u>inter alia</u>, a 40-page response to NDEX's undisputed statement of facts, a 90-page opposition to the MSJ, a 10-page objection to NDEX's evidence in support of the MSJ, an 8-page objection to NDEX's request for judicial notice, a 29-page memorandum of points and authorities in opposition to the MSJ, a 147-page declaration of Mr. Edstrom in support of the Edstroms' own statement of undisputed facts (with attached exhibits)(Dkt. 97), <u>plus</u> 651 pages of additional exhibits filed across four docket entries (Dkt. 98-101) and a 163-page request

for judicial notice (Dkt. 102) <u>plus</u> 955 pages of additional exhibits filed across five docket entries (Dkt. 103-108).

In addition to being excessively prolix, the April 2, 2013, filings by the Edstroms were in contravention of the court's instructions to the Edstroms at the March 19, 2013, hearing on the MSJ. They appear to be filed by the Edstroms for an improper purpose; i.e. for the purpose of burying the court and NDEX in paper in order to unreasonably protract the resolution of the MSJ and this adversary proceeding.

NDEX filed its reply on April 9, 2013. Included with its reply was a copy of a Judgment (the "Judgment") filed in the State Court Action on March 23, 2012, more than five months prior to removal. The court acknowledges that a copy of the Judgment was also filed by the Edstroms in response to the November 8, 2012 OSC on December 14, 2012 (Dkt. 26 at 107), although it was difficult for the court to locate as the process and pleadings from the superior court filed by the Edstroms were not accompanied by a table of contents or docket summary sheet. Indeed the Edstroms themselves appear to have been unaware of the Judgment, as their procedural summary of this action filed with the notice of removal did not specifically reference the Judgment. The Judgment dismissed NDEX and two other defendants with prejudice and entered judgment in their favor that the Edstroms take nothing by their claims. At the continued hearing on the MSJ on April 30, 2013, the court dismissed the MSJ as moot, as NDEX already had the relief it sought by the MSJ.

Based on the representations of the Edstroms and NDEX to the court, it appears to the court that the adversary proceeding has

been resolved as to all named defendants. Therefore, the court issues this order to show for the purpose of determining why this action should not be remanded to the El Dorado County Superior Court.

In responding to this order to show cause, the Edstroms should take note that the court has tools at its disposal to curb improper litigation tactics such as those described above in this order to show cause. Among those is its power under Fed. R. Bankr. P. 9011 to impose sanctions on parties for making submissions to the court for an improper purpose, such as to cause unnecessary delay or needless increase in the cost of litigation. Fed. R. Bankr. P. 9011(b). This rule applies to non-attorney parties as well as to lawyers. See Business Guides, Inc. v. Chromatic Communications Enter., Inc., 498 U.S. 533, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991).

The court also has inherent authority under 11 U.S.C. § 105(a) to sanction a party who acts in bad faith, vexatiously, wantonly, or for oppressive reasons or took actions in the litigation for an improper purpose. Fink v. Gomez, 239 F.3d 989, 992 (9th Cir.2001), citing Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 & n. 10, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). With respect to the imposition of sanctions under its inherent power, the court considers similar procedures used in other courts, such as Local Rule 151(b) of the United States District Court for the Eastern District of California, which itself adopts the provisions of Title 3A, part 2 of the California Code of Civil Procedure, relating to vexatious litigants, as a procedural rule.

Therefore, based on the foregoing it is hereby,

1    ORDERED that this Order to Show Cause is set for a hearing
2 on the date and at the time and place set forth above, at which
3 hearing the court will consider whether to remand the adversary
4 proceeding to El Dorado County Superior Court;

5    ORDERED, that on or before May 28, 2013, any party or entity
6 that opposes remand of the adversary proceeding to El Dorado
7 County Superior Court shall file with the court and serve on the
8 other parties to the adversary proceeding written opposition
9 including all facts (supported by declarations under penalty of
10 perjury) and authorities on which it relies to oppose remand;

11   ORDERED that written opposition to remand of this adversary
12 proceeding shall not exceed twenty-five (25) pages *in aggregate*;

13   ORDERED that failure to comply with the orders herein may
14 result in the imposition of sanctions.

17 Dated: MAY - 1 2013              BY THE COURT

                                   _____
                                   Thomas C. Holman
                                   United States Bankruptcy Judge